Gunter, J.
Action for personal injuries. Judgment for plaintiff. Defendant appeals.
1. The charter of the city of Denver, acts 1893, article IX, section 9, provides that within thirty days after injuries are received, the mayor or city council shall be given notice in writing of such injuries, stating when, where and how received, and the extent thereof.
The notice served herein is said to be fatally defective in departing evidence and complaint in its statement of how the injury occurred. The position in effect is that as to the cause of action stated in the complaint, no notice was served advising defendant city as to how the injuries occurred.
This section has been construed. City of Denver v. Saulcey, 5 Colo. App. 420, 423, turned upon the proper service of the notice; but in the course of the opinion the court pertinently said:
“The object of the statute is to advise the executive officers of the city of the fact of the injury and of the claims made by the injured person, that they may investigate the matter, and while the circumstances are fresh and -the evidence easily acquired, ascertain what, if any, responsibility ought to be assumed by the city. ”
*443 In Denver v. Barron, 6 Colo. App. 72, 77, 78, the notice stated as the cause of the injury, or how it occurred, that the ground over a sewer recently laid gave away when plaintiff drove her horse upon it. The evidence was that for probably twenty-four hours before the accident there had been at that point a hole in the street resulting from the sinking of the earth in the trench where the sewer was' laid, and that plaintiff’s horse stepped into it. It was urged that there was a fatal variance between the evidence and the notice. The notice was held sufficient to admit evidence that the cause of the accident was the hole in the street, the court saying that the city could not have been misled by the notice. The principle announced is, if the notice so advises the city of the cause of the injury that, guided thereby, it can investigate the question of liability, then the notice is sufficient.
In Stoors v. City of Denver, ante, p. 159, 73 Pac. 1094, upon demurrer to the complaint the notice was held insufficient. The notice stated that the claimant slipped and fell .upon a public highway of Denver, the cause of the fall was not given. The court held that the purpose of such notice is to advise the city recently after the accident of its cause, so an investigation can be made and liability determined. The cases there cited are upon this principle.
This statute is in derogation of common-law rights, and should be strictly construed in favor of such rights.
“It should not be construed with liberality against the right of an injured party to maintain an action against the city, but on the other hand should receive a reasonably strict construction.” — Tatten v. City of Detroit, 128 Mich. 650; Born v. City of Spokane, 27 Wash. 719; Bell v. City of Spokane, 30 Wash. 508; Reno v. City of St. Joseph, 169 Mo. 642; *444 Lowe v. Inhabitants of Clinton, 133 Mass. 526; Dalton v. City of Salem, 136 Mass. 279.
We conclude that if the notice gave to the city such information as to enable it to investigate the cause of the injuries relied upon 'in the complaint, then it is sufficient.
When the complaint is looked to, its gist as to the cause of the injury is a covered hole or pitfall in a sidewalk of defendant city. If plaintiff could prove in any manner the existence of this pitfall, the negligence of defendant in permitting it, and that it was the proximate cause of plaintiff’s injury, her case as to this feature is made out. Defendant’s liability was dependent upon whether this hole existed through its negligence. If the notice served was sufficiently full as to the cause of plaintiff’s injury that, guided by it, the defendant could investigate its liability as charged in the complaint, then the notice is sufficient. The notice gives date and place of the accident, and its cause a pitfall into which the plaintiff stepped. If defendant city, guided by this notice, had in good faith investigated the cause of plaintiff’s injuries, it could have ascertained whether the hole existed and whether there was negligence in its maintenance. This investigation would have enabled it to determine the liability charged.
We think the notice sufficient. This is the point urged in oral argument and the one chiefly relied upon in the briefs.
2. It is said there is error in instructions 2, 3, and 4, and that the verdict is against the law and the evidence. The instructions taken together clearly and fully state the law applicable to the case. The jury could not have been misled. The evidence is abundantly sufficient to sustain the verdict. .
3. As to assignment of error No. 8, no reason is stated, or authority cited, why this assignment is *445 well made, and we know of none. It involves the question of amending a judgment to conform to the verdict after an appeal taken from the judgment. The amendment was permissible. — Kindel v. Lithographing Co., 19 Colo. 310.
Judgment affirmed. Affirmed.