228 P.2d 989 (1951)
123 Colo. 301
ARMIJO et al.
v.
CITY AND COUNTY OF DENVER (two cases).
Nos. 16410, 16411.
Supreme Court of Colorado, in Department.
February 19, 1951.
*990 Don B. Oliver, Lila I. Ludlam, Denver, for plaintiffs in error.
J. Glenn Donaldson, Abe L. Hoffman, and Ty R. Williams, all of Denver, for defendant in error.
HAYS, Justice.
Plaintiffs in error, plaintiffs below, brought these suits against the City and County of Denver to recover damages allegedly caused by a collision between plaintiffs' auto, and a city truck. We are asked to review the judgment of the trial court dismissing the actions upon the ground that the notice of the accident was fatally defective.
Section 158, of the Denver charter (1927 Compilation) provides that, before the city shall be liable for damages to any person injured upon its streets, a written notice thereof must be served upon the mayor within sixty days after the accident stating fully in such notice, "when, where and how the injuries occurred and the extent thereof."
In construing this section of the charter in the recent case of Fisher v. City and County of Denver, 122 Colo. ___, 225 P 2d 828, we held in the light of the authorities there cited, that the conditions imposed by the above section of the charter were mandatory and that there must be a compliance therewith as a condition precedent to the maintenance of an action to recover damages, and that the city officials are without authority to waive such provisions.
Within the time specified by the charter, plaintiff served the following notice directed to the mayor and city clerk:
"October 6, 1948, a city truck driven by Steve C. Wielgosz collided with a car driven by Arturo Armijo and occupied by his three and one-half year old daughter, Evelyn.
"An investigation of the facts discloses what indicates negligence on the part of the city's agent and employee, to the injury of Arturo Armijo and his daughter Evelyn. Both personal and property damage was sustained by the Armijos.
"This is written you so that you may be afforded an opportunity to investigate and pursuant to the requirement of the ordinances."
On behalf of plaintiffs, it is urged that substantial compliance with the charter provision is all that is necessary or required to give proper notice to the city. With this contention we cannot agree, because it ignores the plain language of the applicable section of the charter, which prescribes that the notice shall state fully when, where, and how the accident happened, and the extent of the injuries alleged to have been sustained.
Our Court of Appeals, in construing the legislative charter of the City of Denver, chapter 78, S.L. 1893, which, in so far as material, is identical with section 158 here under consideration, made the following pertinent statement on the subject with which we are in full accord.
"* * * The charter requires that the notice shall state fully how the injuries occurred. Whatever meaning `how' may have in other connections, here we think, because of the manifest purposes for which the statute was enacted, it was intended to mean the defect in the walk which caused the injury. Notice here simply says that *991 the plaintiff `slipped and fell on the public highway of Denver.' The city is not advised of the alleged defect in the highway which caused the slipping. It may have been an incline in the walk, a wet condition thereof, a banana peel, or some other cause. This notice was fatally defective in not stating in what consisted the defect in the defendant's walk." Stoors v. City of Denver, 19 Colo. App. 159, 73 P. 1094.
If the failure to state fully in the notice "how" the accident occurred, renders such notice fatally defective, the same is true with respect to the failure of the injured party to fully state in the notice "when" and "where" the injury occurred, and the "extent thereof."
It cannot successfully be argued that the notice in the present case complies substantially with the requirements of the charter provision when there was a total failure to furnish some of the specified information, viz., when, where and how the injuries occurred, and the extent thereof. Such notices are fatally defective. City of Colorado Springs v. Neville, 42 Colo. 219, 93 P. 1096; Stoors v. City of Denver, supra; Hall v. City of Los Angeles, 19 Cal. 2d 198, 120 P.2d 13, 15.
In the latter case the court said: "In the present case, however, there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substantial compliance cannot be predicated upon no compliance. * * * The failure to state the place of the accident is as serious a defect as is the failure to verify the claim. Indeed no part of the claim can be of more importance to the city officials than that part which gives them information to enable them to locate the point where the alleged accident occurred and to make proper investigation of the condition of the premises. * * *"
We therefore conclude that the notice here considered is fatally defective by reason of the failure of plaintiffs to specify where and how the accident happened, and the extent of the injuries claimed to have been suffered, all as required by the mandatory provisions of the above charter section.
In reaching the above conclusion, that full compliance with the essential requirements of the charter are necessary to the maintenance of an action against the city for personal injuries, we have not considered it necessary to discuss various cases cited in the briefs interpreting section 231, chapter 163, `35 C.S.A., relating to the serving of notices of personal injuries or death, upon city clerks within ninety days after the accident, for the reason that said section in terms provides that such notices "shall not be deemed invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of injury; * * *." No such provision is contained in the charter of the City and County of Denver.
Following the granting of the motion to dismiss and the entry of final judgment in the above cause, being No. 16410 on the docket of this court, and being cognizant of the fatal defects appearing in the notice, plaintiffs filed a new action in the same court based upon the same cause of action and against the same defendant, being No. 16411 on our docket. The latter case was heard by a different judge in the trial court, who also sustained defendant's motion to dismiss. We have elected to consider both cases together.
With respect to the second case it is contended that any deficiency existing in the original notice has been supplied by the recitals in the complaint and summons, copies of which were served upon the mayor of defendant city in the first action. Assuming for purposes hereof that the complaint and summons in the first case may properly be considered as a notice in the second, it appears that at least one of the fatal defects in the notice in the instant proceeding has not been removed, in that neither in said complaint nor summons is there a recital as to the extent of the injuries alleged to have been suffered by plaintiffs, which recital, as above determined, is mandatory. We conclude that the trial court was correct in dismissing both complaints.
The judgment in each case is affirmed.
JACKSON, C. J., and HOLLAND, J., concur.