## ASAMERA OIL (U.S.) INC., a Montana corporation, Plaintiff–Appellee,

v.

## KMOCO OIL COMPANY, a Colorado corporation, Defendant–Appellant.

### No. 85CA1775.

Colorado Court of Appeals, Div. I.

March 31, 1988.

Rehearing Denied May 5, 1988.

Certiorari Denied Aug. 15, 1988.

Shaw, Spangler & Roth, Timothy E. Whitsitt, William Bruce Thompson, Edward P. Carlstead, Bradley S. Mckim, Denver, for plaintiff-appellee.

Gorsuch, Kirgis, Campbell, Walker and Grover, Mark C. Hansen, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, KMOCO Oil Company, appeals the judgment entered by default in favor of plaintiff, Asamera Oil (U.S.) Inc., as a sanction for defendant's failure to comply with discovery orders. We affirm.

Plaintiff filed this action against defendant on September 19, 1985, seeking payment for products supplied. Defendant answered denying receipt of any products and affirmatively stating that the products were supplied to KMOCO, Inc., instead of

defendant, KMOCO Oil Company. Plaintiff then amended its complaint to include KMOCO, Inc., as a party-defendant; however, no appearance was ever made by such an entity.

Trial was set for June 21, 1986, in order to determine whether KMOCO, Inc., and KMOCO Oil Company were the same entity liable for the products supplied. On May 1, plaintiff mailed a request for production of documents and interrogatories to defendant. Upon plaintiff's motion, the trial court ordered defendant to respond to the request by June 1, 1986.

On June 12, plaintiff received unsigned and unresponsive answers to the interrogatories, and additionally, defendant had failed to produce the requested documents as ordered.

The following day, plaintiff moved for sanctions against defendant for its failure to comply with discovery orders. Plaintiff also sought appropriate sanction for defendant's failure to file a timely trial data certificate. These motions were mailed on June 13, 1986, and hearing on the matter was scheduled for June 18.

Defense counsel did not appear at the hearing and was not permitted to participate by telephone. At that time, the trial court found that defendant had not complied with the earlier court order and, also, that defendant had failed to file its trial data certificate. As a sanction, the court struck defendant's answer to the complaint and judgment by default was entered.

After receiving letters advising the court that it was without jurisdiction to enter a judgment by default because defendant had not been served with notice of the hearing three days prior, a new hearing was ordered.

On October 11, 1986, a second hearing was held and both parties were allowed to argue the merits of the motion for sanctions. At that time, a different judge ruled that the earlier sanction was appropriate under the circumstances, and judgment by default was entered.

## I.

Defendant contends that the trial court abused its discretion by entering judgment by default as a sanction. We disagree.

C.R.C.P. 37(b)(2)(C) provides that:

"If a party ... fails to obey an order to provide or permit discovery ... the court ... may make such orders in regard to the failure as are just, and among others the following:

(C) ... judgment by default against the disobedient party."

■ The record here supports the trial court's decision to impose a sanction on defendant. The court's earlier order of May 17, 1986, ordered defendant to respond by June 1, 1986. Not only did defendant fail to respond until well after the deadline, but the answers were unresponsive, unsigned, and therefore inadequate. The record also shows a failure to file a timely trial data certificate. Accordingly, it was within the trial court's discretion to impose the sanction which was specifically authorized.

## II.

■ We also find no support for defendant's contention that the trial court was without authority to enter a judgment by default absent a motion to compel.

C.R.C.P. 37(d) provides that:

"If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of interrogatories ... the court ... may take any action authorized under subparagraphs (A), (B), and (C) of subsection (b)(2) of this Rule."

Thus, even absent a motion to compel, the trial court's actions were within its authority.

■ Defendant's remaining contention regarding the lack of sufficient notice prior to the first hearing is without merit. Procedural error, if any, was cured by the subsequent hearing of which defendant was provided adequate notice. *See Cherry*

*v. A–P–A Sports Inc.*, 662 P.2d 200 (Colo. App.1983).

Judgment affirmed.

CRISWELL and HUME, JJ., concur.