Patricia KENNEDY, and Darrell Kennedy, and Erick Kennedy, By and Through Patricia KENNEDY, as Next Friend, Parent and Guardian, Plaintiffs–Appellants,

v.

Shawn PELSTER, Defendant–Appellee.

No. 90CA1297.

Colorado Court of Appeals, Div. III.

June 6, 1991.

Russell E. Vigil, Denver, for plaintiffs-appellants.

White and Steele, P.C., Michael W. Anderson, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiffs Darrell and Patricia Kennedy appeal from the judgment of the trial court that dismissed the complaint filed by them against the defendant, Shawn Pelster, for injuries sustained by the minor plaintiff, Erick Kennedy, through the alleged negligence of the defendant. The judgment of

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

dismissal resulted from the trial court's finding that both adult plaintiffs had willfully refused to participate in proper discovery. We affirm in part and reverse in part.

Plaintiffs' complaint contained a single claim for relief in which it was alleged that, as the result of the negligence of the defendant, Erick Kennedy, the adult plaintiffs' 14–year old son, had sustained severe and permanent injuries. This complaint also alleged that some $14,000 had been expended by the adult plaintiffs in "health care costs" and that they would incur other costs in the future. Finally, it was alleged that the adult plaintiffs had been damaged by "the loss of ... the companionship and services" of their son.

■ Defendant attempted to obtain the deposition upon oral interrogatories of all of the plaintiffs, but was unsuccessful in doing so. While the minor plaintiff was apparently deposed by the defendant, his parents were not. On one occasion, the adult plaintiffs cancelled their depositions on the morning scheduled for the same, and on another occasion, Patricia Kennedy cancelled her deposition the night before its re-scheduled date. The record contains no suggestion of any legitimate reason for the refusal of either adult plaintiff to be deposed. Defendant represented to the trial court that Darrell Kennedy simply refused to be deposed and that Patricia Kennedy had decided not to have her deposition taken.

Given this record, therefore, there is substantial support for the trial court's finding that Darrell and Patricia Kennedy willfully refused to participate in discovery, and such finding authorized the trial court to dismiss any claims asserted by these two plaintiffs. See C.R.C.P. 37(d); *Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672 (Colo.1987); *Asamera Oil (U.S.), Inc. v. KMOCO Oil Co.*, 759 P.2d 808 (Colo.App. 1988).

Hence, there being no evidence of a prior relinquishment of the claims therefor, the trial court's judgment of dismissal properly disposed of any claim for past medical expenses, future medical expenses during Er-ick's minority, any loss of earnings during his minority, loss of companionship with his parents, and all other claims that, on the date of the judgment of dismissal, were possessed by either Darrell or Patricia Kennedy. See *Pawnee Farmers Elevator & Supply Co. v. Powell*, 76 Colo. 1, 227 P. 836 (1924) (earnings); *Union Pacific Ry. Co. v. Jones*, 21 Colo. 340, 40 P. 890 (1895) (medical expenses).

However, this record does not reflect that either Darrell or Patricia Kennedy has been appointed as Erick's legal guardian. Patricia sought to recover damages on Erick's behalf only as his "next friend." Further, although the trial court specifically found that the two adult plaintiffs had wilfully refused to engage in proper discovery, no similar finding was made respecting the minor plaintiff. As noted, defendant was apparently able to depose him.

In *Antonopoulos v. Telluride*, 187 Colo. 392, 532 P.2d 346 (1976), our supreme court determined that "a minor's next friend is not a real party in interest [with respect to the minor's claim], but rather a mere aid to the minor's assertion of the rights against defendants." Consequently, it determined in that case that "the next friend's action or inaction in commencing the suit cannot prejudice the minor's rights."

We recognize that these remarks were addressed to a parent's failure to provide proper notice to a municipality of the minor's claim under the Colorado Sovereign Immunity Act. See § 24–10–109, C.R.S. (1988 Repl.Vol. 10A). We also recognize that a minor may well be bound by many decisions that his next friend may be called upon to make during the course of the litigation.

■ Nevertheless, the underlying principle of *Antonopoulos* prevents a punitive dismissal of a minor's claim based solely upon the discovery derelictions of his next friend if, as here, there is no evidence that the minor has refused discovery and there exist other sanctions that may be employed by the court to require participation in proper discovery without causing the mi-

nor's claim to be dismissed for reasons beyond his control.

Here, both Darrell and Patricia Kennedy have submitted themselves to the jurisdiction of the Colorado courts and are, therefore, subject to the trial court's order requiring discovery, which may be enforced through the court's contempt power. Other actions that the trial court could take would be an order assessing attorney fees against either or both of the parents, absent compliance with discovery orders, or one requiring that the suit be stayed until a legal guardian for the minor is appointed. Indeed, the grant of authority by C.R.C.P. 37(b)(2) and (d) would appear to be limited only by the reasonable imagination of a trial court intent upon providing a fair hearing to the minor and a full opportunity to the opposing party to prepare for trial.

At least in the absence of the prior adoption of lesser measures in an attempt to assure attainment of these goals, and their lack of success for these purposes, we are convinced that the discovery sins of a parent should not be visited upon the head of the child. Hence, since there is no evidence that the minor did not participate in the discovery requested of him and since other sanctions to compel discovery by the parents were not first employed here, we conclude that the dismissal of the minor's claim was improper.

The judgment dismissing the claims of Darrell Kennedy and Patricia Kennedy, asserted on their own behalves, is affirmed. The judgment dismissing the claim of Erick Kennedy, asserted by his mother as his next friend, is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views set forth herein.

TURSI and ENOCH,* JJ., concur.