**Chandra CINTRON, a minor, By and Through her next friends and natural parents, Sherri CINTRON and Sean Cintron, and Sherri Cintron, individually, and Sean Cintron, individually, Plaintiffs–Appellants,**

v.

**The CITY OF COLORADO SPRINGS, a municipal corporation, By and Through its agent MEMORIAL HOSPITAL, Defendant–Appellee.**

No. 93CA0075.

Colorado Court of Appeals, Div. III.

May 26, 1994.*

Rehearing Denied June 30, 1994.

Certiorari Denied Jan. 17, 1995.

---

* Prior opinion announced April 21, 1994, *WITH-* *DRAWN.* Petition for rehearing *GRANTED.*

Robert S. Fisher & Marvin Firestone, M.D., J.D. & Associates, Robert S. Fisher, Colorado Springs, for plaintiffs-appellants.

Cooper & Kelley, P.C., Christine A. Mullen, Clark L. McCutchen, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff Chandra Cintron is a minor who, through her parents and next friends, Sherri and Sean Cintron, sued the defendant, City of Colorado Springs (City), and others, asserting that she suffered serious and permanent injuries at the time of her birth in October 1989 in Colorado Springs Memorial Hospital, a facility operated by the City. Her parents also asserted derivative claims of their own. Relying upon § 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A) of the Colorado Governmental Immunity Act, which requires that any person claiming to have been injured by the actions of a public entity or its employees must give written notice to the entity of such claim within 180 days "after the date of the discovery of the injury," the trial court entered summary judgments dismissing with prejudice all of the claims asserted against the City. Such judgments

were premised upon the City's showing that neither Chandra, her parents, nor any legal representative gave the written notice required by § 24–10–109(1) until five days before commencement of this action in 1991. Plaintiffs appeal, arguing that Chandra had no actual knowledge of her injuries and that the knowledge of her parents cannot be imputed to her in order to trigger the running of the 180–day statutory period. We agree with this contention and, thus, conclude that the judgment dismissing Chandra's claims cannot stand. However, plaintiffs do not challenge the judgments entered against the parents on their personal claims. Therefore, we affirm the judgments entered against the parents in their personal capacities, but reverse the judgment dismissing Chandra's claim.

Chandra's complaint, filed exactly two years after the date of her birth, alleged that she was born naturally, while her mother was being prepared for a caesarian section. It further alleged that she was not monitored during her birth, and as a result, she suffered severe brain damage.

The City's motion for summary judgment conceded that Chandra delivered spontaneously while the caesarian section was being performed. It emphasized, however, that no written notice of Chandra's claim had been given to it until nearly two years after her birth. It argued, therefore, that the court lacked jurisdiction over the cause.

In response, Chandra asserted, with expert medical support, that as a brain-damaged minor of less than two years of age, it was impossible for her to have "discovered," or even to have been aware of, her injuries. She further argued that she cannot be charged with her parents' knowledge or with their negligence in failing to file a timely written notice on her behalf.

The trial court granted the City's motion. While it did not detail the conclusions upon which it relied in taking such action, its order was based upon Chandra's failure to comply with § 24–10–109(1). After denying a motion for reconsideration, the court entered a final judgment dismissing Chandra's claim against the City pursuant to C.R.C.P. 54(b).

We conclude that the 180–day period established by § 24–10–109(1) does not commence to run until the claimant has obtained actual knowledge of the injury or reasonably should have acquired such actual knowledge; that a natural parent has no legal duty to prosecute any personal injury claim on behalf of that parent's child; and consequently, that the knowledge of such parent cannot be imputed to that child.

The Colorado Governmental Immunity Act (the Act), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A), was initially adopted in 1971. Colo. Sess. Laws 1971, ch. 323 at 1204–1211. Its adoption was in response to the decision of our supreme court in *Evans v. Board of County Commissioners*, 174 Colo. 97, 482 P.2d 968 (1971), in which the dual doctrines of sovereign immunity, which applied to the state government and its agencies, and of governmental immunity, which applied to local governments, were prospectively abolished.

However, even prior to the *Evans* decision, the Colorado courts had recognized that the doctrine of governmental immunity was not absolute and that, in some instances, municipalities and other local governmental subdivisions could be liable for personal injuries caused by the negligence of their employees. *See Malvernia Investment Co. v. City of Trinidad*, 123 Colo. 394, 229 P.2d 945 (1951). Consequently, at least as early as 1903, the General Assembly adopted a notice statute, requiring any person asserting a claim against a municipality to provide written notice of such claim to the municipality within a specified period "from the occurrence of the accident causing injury or death." Colo. Sess. Laws 1903, ch. 175 at 457. *See also City of Denver v. Bradbury*, 19 Colo.App. 441, 75 P. 1077 (1904) (discussing an early Denver Charter provision of similar import).

Such provisions were considered to create a substantive requirement for the maintenance of a suit against the municipality. Hence, the required notice was a condition precedent to suit, *Armijo v. Denver*, 123 Colo. 304, 228 P.2d 989 (1951), and the requirement for notice could not be waived. *Fisher v. Denver*, 123 Colo. 158, 225 P.2d 828 (1950).

Nevertheless, our supreme court determined that, with respect to such notice provisions: "[U]nder proper circumstances of mental and physical incapacity, giving of notice is excused...." *City of Colorado Springs v. Colburn,* 102 Colo. 483, 486, 81 P.2d 397, 398 (1938). And, whether such incapacity existed was a question of fact to be determined in each case. *City of Colorado Springs v. Colburn, supra.*

With one substantial exception, § 24–10–109(1), as originally enacted, *see* Colo. Sess. Laws 1971, ch. 323, § 130–11–9(1) at 1207, bore a substantial resemblance to the prior notice statutes, as they or their charter counterparts had been interpreted by the courts. While the notice required was still to be treated as a "condition precedent" to any suit, and non-compliance was to be a "complete defense," § 24–10–109(1) adopted the "discovery rule," so that the period within which notice was to be given did not commence until the "date of the discovery of the injury."

Under the original provisions of the present statute, our supreme court determined that the tolling statute, § 13–81–103, C.R.S. (1987 Repl.Vol. 6A), which was applicable to the statute establishing the period for instituting suit against a governmental agency, *see* Colo. Sess. Laws 1971, ch. 323, § 130–11–9(5) at 1207, was also applicable to the notice provisions of § 24–10–109(1). Hence, the notice period did not commence until the minor reached majority or a legal guardian was appointed. *Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (1975). *See also Brown v. Teitelbaum,* 830 P.2d 1081 (Colo.App.1991) (under statute before its latest amendment, time for filing notice commences when legal representative is appointed for minor).

In 1986, however, the Act was amended, *see* Colo. Sess. Laws 1986, ch. 166, §§ 24–10–109(1) and 24–10–118(1)(a) at 877 and 881, to provide that compliance with the notice requirements of § 24–10–109(1) was to be a "jurisdictional prerequisite" to any suit and that a failure to comply with those requirements would "forever bar" such an action. Subsequently, one division of this court has concluded that these amendments had the effect of making the tolling statute at issue in *Antonopoulos* no longer applicable to the Act's notice requirements. *McMahon v. Denver Water Board,* 780 P.2d 28 (Colo.App. 1989).

However, the question presented here does not involve a *tolling* issue. A time limit set by statute is "tolled" only if, absent the tolling statute, all events have occurred that would otherwise cause the period to start to run. A tolling statute suspends the running of a time period that otherwise would expire. *See Comstock v. Collier,* 737 P.2d 845 (Colo. 1987); *Southard v. Miles,* 714 P.2d 891 (Colo. 1986).

By its express terms, § 24–10–109(1) requires that there be a "discovery of the injury" before the time to file the notice of the claim starts to run. Hence, the issue presented here is when, if ever, did Chandra "discover" her physical and mental condition.

The undisputed medical evidence before the trial court was that a two-year-old child suffering from brain damage cannot appreciate her condition or its cause. And, the City makes no assertion that Chandra had any actual knowledge of her injury.

Likewise, neither at the time that her parents gave notice to the City of her claim nor at the time that they instituted suit on her behalf, as her "next friends," had there been a personal representative appointed for her. Hence, there can be no claim that she is charged with the knowledge that such a representative might reasonably possess. *See Brown v. Teitelbaum, supra.*

The specific issue before us, then, is whether a minor who is of such an age that the child is incapable of appreciating the injury that he or she has sustained is, for purpose of complying with § 24–10–109(1), to be charged with the knowledge of one or both of his or her parents.

This issue has divided the courts of other jurisdictions.

The Federal Tort Claims Act has a notice provision, 28 U.S.C. § 2401 (1988), which is a jurisdictional bar to the claim if the required notice is not given. *Smith v. United States,* 588 F.2d 1209 (8th Cir.1978). *See United*

*States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Under this statute, it is generally agreed that a plaintiff's minority does not toll the period for giving notice. *Jastremski v. United States,* 737 F.2d 666 (7th Cir.1984).

The federal statute adopts the same discovery rule as is incorporated into § 24–10–109(1). Under this rule, the Ninth Circuit has held that, because a child's natural parents have a duty to assert a claim on behalf of the child, the parents' knowledge is chargeable to the child. *Zavala v. United States,* 876 F.2d 780 (9th Cir.1989); *Landreth v. United States,* 850 F.2d 532 (9th Cir.1988) *cert. denied,* 488 U.S. 1042, 109 S.Ct. 866, 102 L.Ed.2d 990 (1989). That court's opinions, however, do not describe the *source* of such parental duty; presumably, it is an implied duty imposed by the terms of the Federal Tort Claims Act itself.

At the same time, the Ninth Circuit has also held that a comatose adult is not charged with her husband's knowledge for the purpose of giving the statutory notice. Further, consistent with the decisions in *Clifford v. United States,* 738 F.2d 977 (8th Cir.1984) and *Zeidler v. United States,* 601 F.2d 527 (10th Cir.1979), that court has also determined that, if the providing of notice has been prevented by the negligent actions of the governmental agency in rendering the claimant mentally or physically incapable of giving notice, such notice will not be required. *Washington v. United States,* 769 F.2d 1436 (9th Cir.1985).

In contrast to the Ninth Circuit's view of a parent's duty is the decision in *Banda v. Danner,* 87 Or.App. 69, 741 P.2d 514 (1987), *aff'd by operation of law,* 307 Or. 302, 766 P.2d 385 (1988), in which the Oregon court refused to impute the parents' knowledge to a child who at the time of birth suffered brain damage at the hands of government agents. In refusing to do so, the court noted that parents have no legal responsibility, absent appointment as legal guardians, to pursue a legal claim for personal injuries on behalf of their child. Hence, if a parent's knowledge is imputed to the child, the child would be at the mercy of the parents, but the child would have no legal recourse against

them in the event of their malfeasance. *See also Independent School District v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975) (fact of minority must be considered in determining when injury is discovered); *Lazich v. Belanger,* 111 Mont. 48, 105 P.2d 738 (1940) (to hold that knowledge of parents is imputed to minor would be to impute their negligence to him—a doctrine long rejected by the court).

These latter decisions are more in accord with the principles adopted by our supreme court than is the Ninth Circuit's view.

In *Antonopoulos v. Town of Telluride, supra,* the court rejected the argument that, because a minor may act through a natural guardian and next friend, the minor is bound by the parents' actions. It said:

> This argument ignores the fact that a minor's next friend is not a real party in interest, but rather a mere aid to the minor's assertions of his rights against defendants. .... Being such, it is clear that the *next friend's action or inaction in commencing suit cannot prejudice the minor's rights.*

187 Colo. at 399, 532 P.2d at 360 (emphasis supplied).

More recently, a division of this court, in reversing a judgment dismissing a minor's claim prosecuted by parents as next friends, ruled that "the discovery sins of a parent should not be visited upon the head of the child." *Kennedy v. Pelster,* 813 P.2d 845, 847 (Colo.App.1991).

 We conclude, therefore, that nothing in the law of Colorado imposes upon a parent the responsibility to litigate a minor's personal injury claim. Further, even though a parent may voluntarily undertake to aid the assertion of the child's claim by acting as a next friend, the minor will not, generally, be charged with the parents' negligence. There is, therefore, no basis for asserting that a minor must be charged with the parents' failure reasonably to discover the minor's injury or to provide notice thereof on the child's behalf.

 Because the parents' knowledge here is the only basis for the conclusion that

the notice of claim was untimely, the trial court erred in dismissing Chandra's claim.

The judgments dismissing the claims asserted by Sherri and Sean Cintron in their personal capacities are affirmed. The judgment dismissing Chandra's claim is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

DAVIDSON and TAUBMAN, JJ., concur.