Mitchell HERGENRETER, By and Through his mother and next friend, Diana HERGENRETER, Plaintiff–Appellant,

v.

MORGAN COUNTY SCHOOL DISTRICT R–3, Defendant–Appellee.

No. 93CA2185.

Colorado Court of Appeals, Div. I.

Dec. 1, 1994.

Turner and Meiklejohn, P.C., Scott A. Meiklejohn, Denver, for plaintiff-appellant.

Mann & Shappell, Steve Shappell, Denver, for defendant-appellee.

Opinion by Judge METZGER.

In this negligence action to recover damages for personal injuries, plaintiff, Mitchell Hergenreter, by and through his mother and next friend, Diana Hergenreter, appeals from the judgment which dismissed his complaint against defendant, Morgan County School District, R–3, for failure to give timely notice of claim pursuant to the Colorado Governmental Immunity Act. We affirm.

According to the complaint, plaintiff, then 14 years old, was injured in May 1990 when he stepped into a hole on defendant's premises.

Pursuant to C.R.C.P. 12(b)(1), defendant filed a motion to dismiss the action for lack of subject matter jurisdiction. In support of the motion, defendant asserted that plaintiff's notice of claim filed in September 1992 was untimely. Defendant further asserted that plaintiff's minority did not toll the running of the 180–day notice period for filing a notice of claim.

Plaintiff filed a response to the motion which conceded that the material facts were not in dispute but argued that the 180–day period for filing notice of his claim was tolled during his minority.

The trial court determined that, because § 24–10–109(1), C.R.S. (1994 Cum.Supp.) was a non-claim statute that was not tolled by plaintiff's minority, the notice of claim filed more than 180 days after the incident was untimely. Accordingly, because timely notice was a jurisdictional prerequisite, the court dismissed the complaint with prejudice for lack of subject matter jurisdiction.

On appeal, plaintiff contends that the trial court erred in concluding that his notice of claim was not timely filed. Relying on § 13–81–103(1), C.R.S. (1987 Repl.Vol. 6A), and *Cintron v. City of Colorado Springs*, 886 P.2d 291 (Colo.App.1994), he argues that the 180–day period was tolled during his minority and that, therefore, the notice was timely filed.

In support of the judgment, however, relying on *McMahon v. Denver Water Board*, 780 P.2d 28 (Colo.App.1989), defendant argues that plaintiff's minority did not prevent the mandatory 180–day notice period from commencing to run on the date he was treated for his injuries. It further argues that the holding in *Cintron v. City of Colorado Springs, supra*, is inapplicable because plaintiff failed to show that he was incapable of discovering his injury on the date it occurred. We agree with defendant.

In *McMahon v. Denver Water Board, supra*, a division of this court rejected an injured claimant's contention that, pursuant to § 13–81–103(1), the jurisdictional time limitation period should have been tolled during the period of his disability. The division held that the 1986 amendment to § 24–10–109(1), which made compliance with the 180–day notice requirement a jurisdictional prerequisite, changed that provision into a "non-claim statute" which prohibits the initiation of litigation after a specified time regardless of disability. We consider the holding in *McMahon* to be dispositive here.

Contrary to plaintiff's contention, we do not interpret the holding in *Cintron v. City*

*of Colorado Springs, supra,* to require a different result. In *Cintron,* the issue was not whether the 180–day notice period should be "tolled" on account of the infant plaintiff's disability; rather, it was whether a brain-damaged infant who was incapable of discovering her injury should be charged with her parents' knowledge for purposes of complying with § 24–10–109(1). The division held that she should not be so charged.

Here, however, there was no showing that plaintiff was incapable of discovering his injury within 180 days. Under these circumstances, we conclude that the trial court did not err in dismissing the complaint for lack of subject matter jurisdiction.

Judgment affirmed.

CRISWELL and KAPELKE, JJ., concur.