Ira J. **ROJHANI** and Sherri L. Rojhani, Individually, and as Parents and Next Friend of Seth Rojhani, a Minor, Plaintiffs–Appellants,

v.

Edward **ARENSON, M.D.** and Carol Rumack, M.D., Defendants–Appellees.

No. 94CA1816.

Colorado Court of Appeals, Div. III.

May 16, 1996.

Rehearing Denied June 13, 1996.

Certiorari Denied Dec. 23, 1996.

Leventhal & Bogue, P.C., Jim Leventhal, Grant Marylander, Denver, for Plaintiffs–Appellants.

Cooper & Clough, P.C., Kay J. Rice, Rebecca L. Crotty, Denver, for Defendants–Appellees.

Opinion by Judge SMITH.*

Plaintiffs, Ira J. and Sherri L. Rojhani (parents), individually and as parents and next friends of Seth Rojhani, a minor (child), appeal the trial court's dismissal of their claims against defendants, Edward Arenson and Carol Rumack. We reverse and remand for further proceedings.

In September 1993, plaintiffs filed a medical malpractice action against defendants (both of whom are physicians), Children's Hospital, a private hospital, and other health care providers not parties to this appeal. Plaintiffs alleged that the medical treatment provided to the child by these defendants between April and September 1991 at Children's Hospital was negligent and that it resulted in, *inter alia,* permanent paralysis to the child and economic losses to the parents.

In December 1993, these defendants filed a C.R.C.P. 12(b)(1) motion to dismiss based on lack of subject matter jurisdiction in which they asserted that, even though they were working at Children's Hospital, they each were, at the time of the alleged negligent acts, employed by the University of Colorado Health Sciences Center, and were therefore public employees as defined by § 24–10–103(4)(a), C.R.S. (1995 Cum.Supp.) of the Governmental Immunity Act (Act). They argued that the trial court lacked subject matter jurisdiction over plaintiffs' claims because plaintiffs had failed to file a notice of their claims within 180 days after the date of the discovery of the child's injury as required by § 24–10–109(1), C.R.S. (1995 Cum.Supp.).

In their response to defendants' motion to dismiss, plaintiffs asserted that, until approximately two weeks prior to the filing of defendants' motion, they lacked actual or con-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

structive notice that defendants were public employees.

Upon discovery of these facts, plaintiffs filed notice of their claims with the attorney general and the department of health in January 1994.

Relying upon *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993); *East Lakewood Sanitation District v. District Court*, 842 P.2d 233 (Colo. 1992), and *McMahon v. Denver Water Board*, 780 P.2d 28 (Colo.App.1989), the trial court, in March 1994, granted defendants' motion to dismiss based on its determination that the running of the 180–day notice period was not tolled until the injured parties knew or should have known that defendants were public employees.

In May 1994, plaintiffs filed a motion to reconsider the dismissal in light of the then recently decided case of *Cintron v. City of Colorado Springs*, 886 P.2d 291 (Colo.App. 1994). In *Cintron*, a division of this court held that the 180–day notice period established by § 24–10–109(1) does not begin to run until the claimant has actual knowledge of the injury or reasonably should have acquired such knowledge and that a parent's knowledge of his or her child's injury cannot be imputed to the child.

In July 1994, after determining that plaintiffs' motion for reconsideration was timely under C.R.C.P. 54, the trial court reinstated the child's claims against Arenson and Rumack based upon its conclusion that, under *Cintron*, the child had complied with the notice provisions of § 24–10–109(1). The trial court declined, however, to reinstate the parents' claims.

Shortly thereafter, these defendants moved the trial court to reconsider its July 1994 order. The trial court granted that motion in September 1994.

In that order, the trial court concluded that, because plaintiffs' counsel had knowledge of the child's injury in December 1992, the notice filed in January 1994 was not timely. It therefore dismissed the child's claims. The trial court distinguished *Cintron* on the basis that, there, the trial court declined to impute the parents' knowledge to the child, while here it was the child's attorney that allegedly had knowledge. Thus, by implication, the trial court held that because of an attorney's knowledge of his or her minor client's claim, the attorney's knowledge that the alleged tortfeasor is a public employee under the Act may be imputed to the minor client.

The trial court also determined that its March 1994 order of dismissal was a final judgment under § 24–10–118(2.5), C.R.S. (1995 Cum.Supp.) and, thus, was not governed by C.R.C.P. 54 because it arose from a C.R.C.P. 81(a) special statutory proceeding. Consequently, the trial court concluded that plaintiffs' May 1994 motion to reconsider was not timely and, in effect, reinstated the March 1994 order of dismissal based upon lack of subject matter jurisdiction.

In October 1994, plaintiffs filed a notice of appeal in which they appealed the dismissal of the child's claims but did not appeal the dismissal of their derivative claims as parents.

In June 1995, a division of this court issued an order to show cause why the appeal should not be dismissed as untimely. After considering plaintiffs' response, the court discharged the order to show cause and determined that plaintiffs' May 1994 motion for reconsideration should properly have been treated as a motion for relief from judgment under C.R.C.P. 60(b) and that the trial court's July 1994 order vacated its previous order of dismissal. The division further concluded that defendants' motion to reconsider and plaintiffs' notice of appeal were timely filed.

## I.

■ As an initial matter, we reject defendants' contention that plaintiffs' appeal should be dismissed based upon plaintiffs' failure to establish entitlement to relief under C.R.C.P. 60(b).

This court's determination that plaintiffs' May 1994 motion for reconsideration should properly have been treated as a motion for relief from judgment under C.R.C.P. 60(b) is dispositive of defendants' contention.

## II.

Because the court also determined that defendants' motion to reconsider and plaintiffs' notice of appeal were timely filed, we proceed to the merits of plaintiffs' contentions on appeal.

Plaintiffs contend that the trial court committed reversible error when it determined that *Cintron* was not dispositive of the issue whether the child's notice under § 24–10–109(1) was timely. We agree.

In *Cintron,* the child claimant was a two-year-old child with brain damage whose parents had, in addition to asserting derivative claims of their own, commenced the action on her behalf in their capacity as next friends. No guardian or personal representative was appointed for the child. In view of these facts, the *Cintron* court held that the summary judgment entered in favor of the defendant as to the child's claims was error because the child had not discovered her injury and, thus, the 180–day notice period had not begun to run.

Here, the child was approximately one-year old at the time the surgery was performed which allegedly resulted in his paralysis. Although the caption originally designated the child's parents as guardians, no guardianship was established, and, in May 1994, the trial court permitted the parents to amend the caption to reflect their status as next friends.

We conclude that, because the child was not capable of appreciating his injury and because no guardian or personal representative was appointed on his behalf, the child's notice of suit under § 24–10–109(1) was timely. *See Cintron, supra.*

We are not persuaded by defendants' contention that plaintiffs' counsel's alleged knowledge that defendants were public employees and knowledge of the child's injuries may be imputed to the child. As was the case in *Cintron,* counsel's authority to pursue the child's claims derives from the parents' status as next friends. Therefore, irrespective of counsel's alleged knowledge of the status of these defendants, the plaintiffs' failure to file notice under the Act within 180 days of the child's actual injury did not preclude the child's suit against these defendants.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PLANK and ROY, JJ., concur.