**Julie BARTLETT, Individually, Guy Bartlett, Individually, and as parents and next friends, Plaintiffs–Appellants,**

v.

**J. Casey ELGIN, D.O., and Pat Harris–Dubose, P.A., Defendants–Appellees.**

**No. 97CA0832.**

Colorado Court of Appeals, Div. III.

July 23, 1998.

Rehearing Denied Aug. 20, 1998.

Certiorari Granted March 29, 1999.*

* SUMMARY OF ISSUES:

Whether the court of appeals erred in concluding that the statute of limitations as to the minor child's claims against Harris–Dubose will not begin to run until she reaches majority or until a legal representative is appointed for her, despite the fact that her parents brought suit on her behalf as next friends.

Whether the court of appeals erred in affirming the dismissal of Julie and Guy Bartlett's claims against Pat Harris–Dubose on the grounds that the statute of limitations had expired, and was not subject to the same statute of limitations as the minor child's claims?

Whether the court of appeals erred in affirming the dismissal of Julie and Guy Bartlett's claim for loss of consortium by parents on the grounds

that such a claim has not been recognized absent the death of the child, and the recognition of such a claim is best left to the General Assembly.

Andrew T. Brake, P.C., Lee T. Judd, Englewood; Eugene Deikman, P.C., Eugene Deikman, Denver, for Plaintiffs–Appellants.

Barber, Rauch & Sleeman, L.L.C., John R. Sleeman, Jr., William James Barber, Denver, for Defendant–Appellee, J. Casey Elgin, D.O.

Richman & Hensen, P.C., Alan E. Richman, C. Todd Drake, Denver, for Defendant–Appellee, Pat Harris–Dubose, P.A.

Opinion by Judge PLANK.

In this medical malpractice action, plaintiffs, Julie and Guy Bartlett, individually and as parents and next friends of Heather Bartlett, a minor, appeal the summary judgment entered by the trial court dismissing all claims against defendant Pat Harris–Dubose, P.A., and dismissing a consortium claim only against defendant J. Casey Elgin, D.O. We affirm in part and reverse in part.

On November 2, 1990, defendant Harris–Dubose, a physician assistant in the office of defendant Elgin, diagnosed plaintiff Heather Bartlett, who was then nine years old, as having the flu. Several days later, Heather underwent abdominal surgery after a diagnosis by hospital staff indicated a ruptured appendix and an abdominal infection.

Asserting claims which included loss of parental consortium, plaintiffs filed a complaint against defendant Elgin in July 1992. In April 1996, plaintiffs filed a motion to amend their complaint to include defendant Harris–Dubose. That motion was granted.

Contending that the applicable statute of limitations had expired as to all claims brought against her and that loss of parental consortium is not a viable cause of action, defendant Harris–Dubose filed a motion for summary judgment. Defendant Elgin joined in that part of the motion contesting the viability of the consortium claim. The judgment here at issue resulted.

I.

In challenging the summary judgment, plaintiffs first argue that the trial court erred in finding, as a matter of law, that the applicable statute of limitations had expired as to all claims brought against defendant Harris–Dubose in the amended complaint. We agree it was error to dismiss the claims brought on behalf the minor plaintiff. However, we affirm the dismissal of the parents' claim against defendant Harris–Dubose.

Summary judgment is a drastic remedy warranted only upon a clear showing that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). Appellate review of a judgment granting a motion for summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

Actions against a health care professional must be instituted within two years after the cause of action accrues. Section 13–80–102.5(1), C.R.S.1997. A cause of action for personal injury accrues on the date both the alleged injury and its cause are

known or should have been known through the exercise of reasonable diligence. Section 13–80–108(1), C.R.S.1997.

■ The two-year limitation of actions does not apply if the action is brought against a health care professional by or on behalf of:

A person otherwise under disability as defined in section 13–81–101, in which case the action may be maintained within the time period as provided in section 13–81–103.

Section 13–80–102.5(3)(d)(II), C.R.S.1997. A person "under disability" is defined as:

any person who is a minor under eighteen years of age, a mental incompetent, or a person under legal disability and who does not have a legal guardian.

Section 13–81–101, C.R.S.1997.

■ If a person under disability is represented by a legal representative at the time the right accrues, or if a legal representative is appointed for such person at any time after the right accrues and prior to the termination of such disability, the applicable statute of limitations will run against the person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability. Section 13–81–103(1)(a), C.R.S.1997.

■ "Legal representative" means a guardian, conservator, personal representative, executor, or administrator duly appointed by a court having jurisdiction of any person under disability or his estate. Section 13–81–101(2), C.R.S.1997.

■ A legal representative of a person under disability will be allowed not less than two years after appointment within which to take action on behalf of the disabled person. Section 13–81–103(1)(a), C.R.S.1997. With certain exceptions, a person under disability will be allowed to take action within two years after removal of the disability. Section 13–81–103(1)(c), C.R.S.1997.

■ Prior to reaching the age of eighteen years, a minor is not competent to sue without a guardian ad litem or someone acting in his or her behalf. Section 13–22–101(1)(c), C.R.S.1997.

Here, the district court acknowledged that Heather "may be a person under disability by statutory definition," but found that definition inapplicable in this particular situation. Because Heather pursued this case against defendant Elgin through her parents as "next friends," which the trial court found to be the "functional equivalent" of a "guardian ad litem," the trial court concluded that she was not under a disability that made it impossible for her to pursue litigation involving this incident.

However, Heather was unable to bring suit herself. Because no legal representative had been appointed, and because she was nine years old at the time of her injury, Heather was clearly a "person under a disability" pursuant to the relevant statutory scheme.

Her parents, who knew in November 1990 of Heather's injury and its cause, chose to pursue her claim as next friends. Although their complaint against defendant Elgin was filed within two years, defendant Harris–Dubose was not named as a party until that initial complaint was amended in April 1996. Their knowledge and actions cannot be imputed to Heather. *See Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (1975) (next friend's action or inaction in commencing suit cannot prejudice the minor's rights).

■ Colorado does not impose upon a parent the responsibility to litigate a minor's personal injury claim. *Cintron v. City of Colorado Springs,* 886 P.2d 291 (Colo.App. 1994) (brain-damaged infant not charged with her parents' knowledge for purposes of determining compliance with notice requirement of Colorado Governmental Immunity Act). *See also Rojhani v. Arenson,* 929 P.2d 23 (Colo.App.1996) (notice by parents, as next friends, not given within the period required by Colorado Governmental Immunity Act was deemed timely because child was not capable of appreciating his injury and because no guardian or personal representative had been appointed on his behalf); *Kennedy v. Pelster,* 813 P.2d 845 (Colo.App.1991) (discovery sins of parents should not be visited upon the child).

■ Contrary to the trial court's findings, we conclude that the statute of limitations as to Heather's claims against defendant Harris–Dubose will not begin to run until Heath-

er reaches her eighteenth birthday or until a legal representative is appointed for her.

However, we agree with the district court that, because the parents are not similarly under a disability, their independent claims against defendant Harris–Dubose could have been brought within the time limits set by statute. We find unpersuasive their argument, based upon Wisconsin case law, *Korth v. American Family Insurance Co.*, 115 Wis.2d 326, 340 N.W.2d 494 (1983) that a parent's derivative claims are subject to the same statute of limitations as those of the child. Thus, we conclude that the two-year limitation period set forth in § 13–80–102.5(a), C.R.S.1997, applies to the claims brought individually by Heather's parents.

## II.

Plaintiffs next argue that the trial court erred in finding that a consortium claim on behalf of parents for injuries to a child is not a viable cause of action under Colorado law. We disagree.

A parent has a legally recognized claim for economic damages when his or her minor child has sustained physical injury. *Kinsella v. Farmers Insurance Exchange*, 826 P.2d 433 (Colo.App.1992). Further, a claim for loss of consortium by parents is cognizable under Colorado's Wrongful Death Act, § 13–21–203, C.R.S.1997. However, such a claim, when arising from injuries alone, has not been recognized by Colorado courts. *See Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986) (child cannot recover for loss of injured parent's society and companionship). *See also Hill v. United States*, 854 F.Supp. 727 (D.Colo.1994) (parents cannot recover for loss of injured child's society and companionship).

In *Hancey v. United States*, 967 F.Supp. 443 (D.Colo.1997), the court concluded that denying parents compensation for loss of consortium suffered as a result of a child's injuries, while recognizing that the same loss would be compensable if the child had died, would be incongruous.

Accordingly, in *Hancey*, the court predicted that, under Colorado law, a parent would be entitled to bring an action to recover for loss of consortium for an injured child. However, we decline to follow the reasoning of that opinion.

Instead, we agree with the policy concerns and reasoning expressed in *Lee* and *Hill, supra,* and with the conclusion of the trial court in this case that whether a parent should have a right to recovery for loss of consortium because of their child's injury is a matter best left to the General Assembly.

The summary judgment as to the minor plaintiff's claims against defendant Harris–Dubose is reversed, and the cause is remanded for further proceedings on those claims. That part of the summary judgment in favor of defendants as to the consortium claims is affirmed. Further, that portion of the summary judgment dismissing the parents' claims against the defendant Harris–Dubose is affirmed. All other claims against defendant Elgin remain outstanding.

Judge DAVIDSON and Judge ERICKSON ** concur.