## No. 16,445.

### BROWN *v.* MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY.
(218 P. [2d] 1063)

Decided May 1, 1950.

</center>

Mr. Francis P. O'Neill, Mr. Max D. Melville, Mr. Edward E. Pringle, for plaintiff in error.

Messrs. Akolt, Campbell, Turnquist & Shepherd, Mr. Elmer L. Brock, Jr., for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Plaintiff in error was plaintiff below. Her claim in this action is based upon a single transaction or occurrence, the substance of which, as alleged in the complaint, is that she placed an advertisement in the classified section of defendant's telephone directory; that said advertisement as published differed in wording from that given to defendant over the telephone, and that plaintiff was damaged thereby. In the amended complaint this single occurrence was set out in accordance with its contended legal consequences in three separate causes of action, the first predicated on negligence, the second on breach of contract, and the third on false, willful and malicious defamation. Motion to dismiss the complaint was denied as to the first and second causes of action, and sustained as to the third. Thereafter defendant was granted extension of time to answer "pending appeal on the third cause of action," and judgment was entered in favor of defendant for dismissal of said cause of action. Review of that judgment is here sought. The matter is now presented to us on application for supersedeas with request for final determination of the controversy as on such application. Defendant in error has made no answering argument to the matters urged, and no motion to dismiss the writ of error, but is content with suggesting that the issuance of supersedeas would be futile and that application therefor should be denied. In the absence of any challenge, we shall consider sua sponte whether the judgment now before us is final and subject to review.

504

■ ■ The basic theory of plaintiff's pleading, under our present rules of civil procedure, as in the federal rules, is that the transaction or occurrence is the subject matter of a claim, rather than the legal rights arising therefrom. Address No. 4, by Thomas Keely, Esquire, appendix D, Colorado Rules of Civil Procedure, volume 1, '35 C.S.A., page 449; *Clark v. Taylor,* 163 F. (2d) 940. Since the several items of damage alleged in the complaint in the instant case all resulted from, and grew out of, a single transaction or occurrence, there is in fact only one claim set out in the complaint. The legal rights resulting therefrom are finally determinable by the court in formulating instructions, if trial is to a jury, or conclusions of law, if trial is to the court, and not by splitting the single claim into causes of action, and subjecting the several causes to demurrer or motion to dismiss, as was customary under the former rules of code pleading.

■ Regardless of the splitting of the single claim, in the instant case, into several causes of action, predicated on the several legal rights arising therefrom, these causes together still constitute a single claim, and under our liberal rules of pleading should be considered together as such. They should not be determined piecemeal either here or in the trial court, and the determination of one of the several asserted legal rights was not a final judgment.

■ Under rule 54 (b), R.C.P. Colo., a judgment disposing of less than the entire case can be final and subject to review by writ of error only where it is a final determination of a distinct claim arising out of a different transaction or occurrence from the other claims involved. *Western Contracting Corp. v. National Surety Corp.,* 163 F. (2d) 456. "In this case, the complaint, although it contained two counts, set forth only one claim for relief. * * * In the first count, the claim was predicated upon the common law. In the second count, it was predicated upon a statute. Thus the complaint set forth,

in separate counts, two grounds upon which relief was claimed, but set forth only one claim for relief. In this case, therefore, a judgment dismissing one count of the complaint, leaving the other count pending, would not be a final decision and would not be appealable." *Wright v. Gibson,* 128 F. (2d) 865.

Accordingly, the writ of error is dismissed, and the cause remanded for further proceedings not inconsistent with the views expressed herein.