No. 19,208.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.*
RUEL F. MAY.
(350 P. [2d] 343)

Decided March 21, 1960.

Messrs. BANNISTER, WELLER & FRIEDRICH, Mr. JOHN R. HICKISCH, for plaintiff in error.

Mr. JOSEPH P. LEWIS, Mr. WILLIAM C. MURRAY, JR., Mr. BENTLEY M. McMULLIN, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

RUEL F. MAY moves to dismiss the writ of error issued in this case on the ground that the matter sought to be reviewed in this proceeding is not a final judgment. The motion to dismiss is based upon Rule 54 (b), R.C.P. Colo., which outlines the procedure where multiple claims are presented to a trial court and determination is made of one or more but not all of the claims.

Fidelity and Deposit Company of Maryland brought suit on three claims. Ruel F. May was involved in all three claims, but another defendant below, Rose F. May, was a party to the first claim only. As a part of his defense, defendant Ruel F. May alleged his discharge in bankruptcy, to which a reply was allowed by the court, after which May filed his motion for summary judgment.

This motion was supported by an affidavit and by certified copies of the bankruptcy proceedings.

In due course, hearing was had on the motion for summary judgment, upon the conclusion of which the court entered judgment thereon in the following words:

"It is ordered, adjudged and decreed by the Court that this case be, and hereby is, dismissed as to the defendant Ruel F. May; and that the said defendant go hence hereof and have and recover of and from the said plaintiff, Fidelity and Deposit Company of Maryland, his costs in this behalf laid out and expended, to be taxed; and have execution therefor."

In part, Rule 54 (b) provides that the trial court "may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Construction of this rule and its application to the entry of a summary judgment in favor of less than all the parties in a multiple claim situation was had in the case of *Broadway Roofing and Supply, Inc. v. District Court,* 140 Colo. 154, 342 P. (2d) 1022. Our disposition of that case furnishes a guide and precedent for the instant case. In that case we held that, in order to effect a final judgment or final disposition of the case, thus rendering it reviewable by this court, the trial court should have (1) expressly determined that there was no just reason for delay, and (2) expressly directed the entry of a judgment.

There is finality in what the trial court did in the instant case, but finality under the rule contemplates more than the rendition of a judgment. A rule has been established which, in definitive language, directs what must be done where multiple claims are involved and less than all of them decided.

The cited case is controlling here. There was no final judgment in the trial court which, under the rule, may be reviewed by writ of error here. Therefore, the motion

to dismiss the writ of error should be, and is, hereby granted.