Keith T. KEMPTER and John
Roberts, Petitioners,

v.

Tom HURD, d/b/a N. & J.
Construction, Inc.,
Respondent.

No. 83SC247.

Supreme Court of Colorado,
En Banc.

Jan. 31, 1986.

Stephen B. Schuyler, Denver, for petitioners.

Trimble, Tate & Nulan, King M. Trimble, Penfield W. Tate, Denver, for respondent.

NEIGHBORS, Justice.

We granted certiorari to review the court of appeals' decision in *Turchick & Kempter v. Hurd & Titan Construction Co., Inc.*, 674 P.2d 969 (Colo.App.1983). The district court certified a default judgment entered against one of three defendants in favor of two of four plaintiffs as being final pursuant to C.R.C.P. 54(b). The court of appeals dismissed the appeal of the defendant against whom the judgment was entered. The issue upon which we granted review is: Whether default judgments obtained by two plaintiffs against a defendant are final judgments which can be appealed, when the separate claims of two co-plaintiffs, and the alleged joint and several liability of two co-defendants, remain unresolved. We reverse the court of appeals' judgment and remand the case to that court with directions to reinstate the appeal.

### I.

On June 3, 1976, petitioners Keith Kempter and John Roberts and two other plaintiffs, Frank Yanni and Joseph Turchick, filed a complaint against their employer, respondent Tom Hurd, d/b/a N. & J. Construction, Inc. (Hurd or respondent), and several other defendants. In six separate claims for relief, the plaintiffs sought damages individually against Hurd, and jointly and severally against Hurd and the other defendants.[1] During the course of the pro-

---

**1.** Our use of the word "individually" in this   context is meant to denote Hurd as a single

ceedings, four of the five joint and several claims for relief were dismissed by the trial court. In their claim against Hurd individually, the plaintiffs alleged that he had failed to pay them certain wages and benefits for construction work they had performed. In the one remaining claim involving joint and several liability, the plaintiffs alleged that a prime contractor who had sub-contracted work to Hurd, and the contractor's bonding company, were also responsible for the unpaid wages and benefits.

Although counsel for respondent filed a motion to dismiss, that motion was subsequently abandoned and no answer or other responsive pleading was filed on Hurd's behalf within the time permitted under C.R.C.P. 12(a). Consequently, the petitioners filed a motion for default judgment. Hurd neither appeared nor defended against the petitioners' motion. The trial court granted the motion and entered a default judgment in petitioners' favor against Hurd on December 13, 1976. In its findings of fact and order for entry of default judgment, the trial court not only determined the issue of liability, but also fixed the amount of damages. The order entered by the court recognized that the claims of the two other plaintiffs remained pending. The order made no reference to the other defendants, nor did the petitioners attempt to obtain default judgments against anyone except Hurd.

Subsequent to the entry of the default judgment, the respondent filed three separate motions seeking to alter, amend, or vacate that judgment.[2] A hearing on the first motion, filed on June 22, 1977,[3] was held in December 1978. The trial court denied the motion on the ground that it did not have jurisdiction under C.R.C.P. 60(b) to grant the relief requested since the motion was filed more than six months after the default judgment was entered. In denying the motion, the court stated: "[I]t's the Court's intention ... [to] enter a judgment at this time in order that if either side desires that [the] judgment be reviewed, that it be an appealable order." Although the motion was denied as being untimely filed, the court indicated that Hurd appeared to have a good-faith defense to at least part of the petitioners' claims.[4]

Respondent's second motion, dated January 25, 1979, was denied by the trial court shortly after being filed. In March 1981, Hurd filed his answer and yet another motion to amend, alter, or vacate the default judgment. On September 28, 1981, the trial court again denied that motion, stating:

> The court previously heard a motion to alter or amend (1979) and denied the same. It was the court's desire at that time to make a final judgment and allow the parties to appeal the ruling if they deemed it appropriate. The Court finds there is no just reason for delay at this time and reaffirms the Default Judgments entered December 13, 1976. It is the Court's intention to make this Judgment final if either party desires to have this matter reviewed by the Court of Appeals.

---

entity or defendant. We do not intend to convey any impression that we have decided the question of whether Hurd is personally liable for the damages assessed by the trial court. In his motion seeking relief from the default judgment, Hurd claims that he was doing business as a corporation and, therefore, the judgment should have been entered against his corporate entity rather than him personally.

2. Hurd has also filed an independent equitable action in which he seeks to set aside the default judgment. The record is void of any information concerning the status of that lawsuit.

3. The pleading filed on June 22, 1977, was a motion for relief from default judgment. On

December 21, 1977, the district court ordered that the motion be treated as a motion to amend judgment. The respondent subsequently filed his first motion to alter, amend, or vacate the default judgment on January 3, 1978.

4. The dispute centered on whether the plaintiffs should have been paid at the journeyman wage and benefit scale rather than at a lower scale. Because the trial judge agreed with the respondent that there was a bona fide question as to which scale was applicable, he believed that Hurd had a good-faith defense to the penalty portion of the petitioners' claim for damages.

The trial court certified its default judgment of December 13, 1976, as a final judgment under C.R.C.P. 54(b) on January 22, 1982.

Hurd appealed the trial court's denial of his third motion to alter, amend, or vacate the default judgment to the court of appeals. He challenged the C.R.C.P. 54(b) determination of finality of the judgment, contending that fewer than all claims or the rights and liabilities of fewer than all the parties were adjudicated.[5] The court of appeals agreed with the respondent's arguments concerning the finality of the default judgment and dismissed the appeal.

The court of appeals characterized the judgment rendered in December 1976 as a "partial default judgment," and held that it could not be certified as final under C.R.C.P. 54(b). The court relied on two bases for its holding, either of which it concluded supported its decision. First, since the default judgment on the first claim for relief left unresolved that portion of the claim asserted by the two remaining plaintiffs, Yanni and Turchick, that claim had not been completely adjudicated and therefore could not be certified as a final judgment with regard to the petitioners. Second, the nature of joint and several liability is such that an action against defendants alleged to be jointly and severally liable constitutes a single claim for relief. Thus, the court of appeals held that the liability of all the defendants to all the plaintiffs must be adjudicated before it can be said that one claim has been disposed of in its entirety. The court of appeals concluded that since no one claim for relief was ever adjudicated in its entirety, the default judgment was not "final" and therefore not properly certified under C.R.C.P. 54(b).

5. Hurd also contended that because the default judgment was not a "final" judgment, no judgment could properly be "entered." He argued further that the criteria enumerated in C.R.C.P. 60(b), Relief from Judgment or Order, were inapplicable to his motion for relief because rule 60(b) pertains only to "final" judgments. Hurd claimed that C.R.C.P. 55(c), Setting Aside Default, was similarly unavailable to prohibit modification of the default judgment since a

## II.

We begin our analysis by evaluating the first basis for the court of appeals' holding. We consider whether a trial court can enter a default judgment in favor of fewer than all the plaintiffs asserting individual claims against a single defendant, and certify that judgment as final pursuant to C.R.C.P. 54(b).

As a general rule a judgment is final and therefore appealable if it disposes of the entire litigation on its merits, leaving nothing for the court to do but execute the judgment. *See D.H. v. People*, 192 Colo. 542, 561 P.2d 5 (1977), *quoting Stillings v. Davis*, 158 Colo. 308, 406 P.2d 337 (1965); *Berry v. Westknit Originals, Inc.*, 145 Colo. 48, 357 P.2d 652 (1960). When the rules of civil procedure were liberalized to permit more claims and parties to be joined in one action,[6] it was necessary to provide some means of alleviating the concomitant hardship which inheres when claims adjudicated early in the litigation must await the final determination of all issues, as to all parties, before a final and appealable judgment can be obtained. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299 (1950); Annot., 100 L.Ed. 1319, 1319–20 (1955). Accordingly, C.R.C.P. 54(b) was adopted.

The wording of C.R.C.P. 54(b) is identical to that of the federal rule. It states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and

prerequisite to the use of rule 55(c) is "entry" of a default judgment. In short, Hurd has consistently maintained that the default judgment of December 1976 is still subject to modification.

6. *See, e.g.,* C.R.C.P. 18, Joinder of Claims and Remedies; C.R.C.P. 20, Permissive Joinder of Parties; C.R.C.P. 22, Interpleader; C.R.C.P. 24, Intervention.

upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The effect of rule 54(b) is to give the trial court discretion to certify a judgment as final in appropriate cases. *Trans Central Airlines, Inc. v. McBreen & Associates, Inc.*, 31 Colo.App. 71, 497 P.2d 1033 (1972). Absent rule 54(b) certification, litigation involving multiple claims or multiple parties is treated as a single action which is not final and appealable until all of the issues in the litigation are adjudicated. *See Berry v. Westknit Originals, Inc.*, 145 Colo. at 49–50, 357 P.2d at 653. To comply with the procedural requirements of the rule, a trial court must expressly determine that there is no just reason for delay and explicitly direct the entry of judgment with respect to those claims which have been decided. *Blackburn v. Skinner*, 156 Colo. 41, 396 P.2d 968 (1964); *Fidelity & Deposit Co. v. May*, 142 Colo. 195, 350 P.2d 343 (1960). Failure of the trial court to make such an express finding is generally fatal to the appeal. *Smith v. City of Arvada*, 163 Colo. 189, 429 P.2d 308 (1967).

There are three substantive prerequisites to the application of C.R.C.P. 54(b) which were articulated by this court in *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo. 1982). First, the trial court must determine that the decision to be certified is a ruling upon an entire "claim for relief." *Id.* at 1125, *citing Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 100 S.Ct.

1460, 64 L.Ed.2d 1 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956). In other words, a trial court has no authority to make final a partial adjudication. *See Levine v. Empire Savings & Loan Association*, 34 Colo.App. 235, 527 P.2d 910 (1974), *aff'd*, 189 Colo. 64, 536 P.2d 1134 (1975); *Trans Central Airlines*, 497 P.2d at 1035. Second, the court must conclude that the decision is "final" in the sense of an ultimate disposition of a single claim. *Harding Glass*, 640 P.2d at 1125. Finally, it must find there is no just reason for delaying entry of a final judgment on the claim. *Id.*

Difficulties in applying these three substantive requirements typically arise in determining whether one entire claim for relief has been adjudicated. The line between deciding one of several claims and part of a single claim is sometimes very obscure. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2657 (2d ed. 1983). However, "[t]he ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." *Rieser v. Baltimore & Ohio Railroad Co.*, 224 F.2d 198, 199 (2d Cir. 1955), *cert. denied*, 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2657 (2d ed. 1983).

Once it has been determined that a ruling adjudicates an entire claim for relief, the finality determination requires little effort. Thus, in a lawsuit in which the claims could be litigated together only because of the permissive joinder rule, an order is final which completely adjudicates the claims of some, but not all, of the plaintiffs against a defendant or defendants, even though the claims of other plaintiffs remain pending.[7] 6 *Moore's Federal Prac-*

7. *Cf. In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir. 1972) (for purposes of rule 54(b) a consolidation of several one-claim cases for trial does not ordinarily create a multiple party case and a final disposition of

one of the consolidated cases is appealable); 6 *Moore's Federal Practice* § 54.34[3] (Cum.Supp. 1984–85) (if severance under F.R.C.P. 21 is within the power and discretion of the court, each

*tice* § 54.19 (1971), especially n. 24. This result is a natural expansion of the pre-rule 54(b) treatment of such cases. A judgment lacked finality where it terminated the action as to one or more but less than all of the parties claiming "jointly" or charged "jointly"; but was final where "jointness" was absent and the order terminated the action as to a "severable" or "distinct" matter with respect to the party or parties therein concerned. 6 *Moore's Federal Practice* § 54.23[4] (1971); *see Brown v. Mountain States Telephone & Telegraph Co.*, 121 Colo. 502, 218 P.2d 1063 (1950).

■ Where it is questionable whether there is one claim or there are multiple claims, but the trial court treats the case as an action involving multiple claims, makes an adjudication of one or more but fewer than all the claims, and accompanies that adjudication with its 54(b) certificate, that decision should be given substantial deference because that court is the one most likely to be familiar with the case. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. at 10, 100 S.Ct. at 1466.

■ In applying these principles to this case, we conclude that the default judgment entered in favor of the petitioners against the respondent disposed of claims which are separate and distinct from those asserted against Hurd by the other plaintiffs. The plaintiffs' claims are independent, based on work they performed individually. Each plaintiff could have enforced his individual claim in a separate lawsuit against the respondent rather than joining together in a single civil action. It is not determinative that the plaintiffs' claims against Hurd individually are set forth in a single claim for relief; it is the substance of the claims which must be analyzed. Since the default judgment in this case completely disposed of the petitioners' claims against Hurd individually, the fact that the other plaintiffs' claims remain unresolved does not prohibit the trial court from certifying the petitioners' default judgment as final and therefore

severed part constitutes a unit of adjudication

appealable in accordance with the provisions of 54(b).

## III.

We now turn to an examination of the second basis for the court of appeals' ruling, that pertaining to the joint and several nature of the liability alleged in this case.

The court of appeals, citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), disapproved of the practice of entering a default judgment against one defendant alleged to be jointly and severally liable with the remaining defendants. It then held that such an adjudication does not constitute a final judgment as to even one claim for relief. The court also ruled that the interlocutory nature of that judgment could not be cured and made appealable by the use of C.R.C.P. 54(b).

The petitioners suggest that we need not address this aspect of the court of appeals' opinion. They assert in their briefs that their claims against the remaining defendants have been abandoned, and at oral argument their attorney stated that they would so stipulate.

■ A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute. *See* 9 J. Wigmore, *Evidence* § 2588 n. 1 (Chadbourne rev. 1981). Judicial admissions are conclusive on the party making them, *id.; Northwestern National Casualty Co. v. State Division of Insurance*, 682 P.2d 486 (Colo.App. 1983), and generally continue to have effect for a subsequent part of the same proceedings. 9 J. Wigmore, *Evidence* § 2593. Such admissions need not be written when made in court, nor must they be made by a party as his counsel is impliedly authorized to make them. *Id.* at § 2594. Generally, any fact whatever may be the subject of a judicial admission, and parties may stipulate away valuable rights, provided the

for purposes of appeal).

court is not required to abrogate inviolate rules of public policy. *Id.* at § 2592.

■ We hold that the statement made by the petitioners' attorney at oral argument constitutes a judicial admission. Because they are bound by their admission that any other claims have been abandoned, the petitioners are precluded from maintaining their action against the remaining defendants. The only aspect of this litigation the petitioners are entitled to pursue is their claim against Hurd individually, all the claims of joint and several liability having been dismissed or abandoned.

In view of the preceding considerations, it would normally be appropriate to remand this case to the trial court so that it could enter an appropriate order of dismissal. However, the petitioners urge that we remand the case to the court of appeals, claiming that under the circumstances a remand to the trial court would involve unnecessary steps. We agree.

The practical effect of our decision here is that the default judgment entered in favor of the petitioners against Hurd individually disposes of all the petitioners' claims in this action. Therefore, we need not address whether it is appropriate for a trial court to enter a default judgment on both liability and damages against one or more but less than all of the defendants when liability is claimed to be joint and several. Nor do we decide whether such a judgment constitutes an adjudication as to an entire claim for relief and is thereby subject to 54(b) certification.[8]

The judgment of the court of appeals is reversed and the case is remanded to that court with directions to reinstate the respondent's appeal.[9]

**8.** Accordingly, we express no opinion concerning the applicability of *Frow v. De La Vega,* 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), to claims of joint and several liability.

**9.** In addition to the issues described in footnote 4, *supra,* the court of appeals, on remand, will need to determine whether the respondent's rule

60(b) motion to alter, amend, or vacate the default judgment was timely filed before the judgment was certified pursuant to C.R.C.P. 54(b). If the motion was filed within the time limits prescribed for such motions, the case should be remanded to the trial court for a determination on the merits.