**Michael T. McMAHON,**
**Plaintiff–Appellant,**

v.

**DENVER WATER BOARD, a body politic and the Board of Commissioners, thereof, Defendants–Appellees.**

**No. 88CA0244.**

Colorado Court of Appeals,
Div. I.

April 20, 1989.

Rehearing Denied May 4, 1989.

Certiorari Denied Sept. 5, 1989.

Ralph B. Rhodes, Denver, for plaintiff-appellant.

Wayne D. Williams, and Hulbert E. Reichelt, Denver, for defendants-appellees.

PLANK, Judge.

Plaintiff, Michael T. McMahon, appeals the trial court's dismissal of his complaint against defendant, Denver Water Board, for failure to comply with the notice requirement under § 24–10–109, C.R.S. (1988 Repl.Vol. 10A). We affirm.

The record reveals that plaintiff was riding his bicycle in the City of Littleton on May 2, 1987. His bicycle struck a trench which the Denver Water Board had dug and backfilled. McMahon was thrown from his bicycle and sustained severe head injuries.

Notice was given to Jefferson County, Arapahoe County, the City of Littleton, and the State of Colorado on August 21, 1987, pursuant to § 24–10–109. The Denver Wa-

ter Board was served with notice on November 6, 1987. Plaintiff claims that the failure to notify the Denver Water Board resulted from disability.

The Denver Water Board moved to dismiss the action for lack of jurisdiction because McMahon failed to serve notice within the 180–day time limit in § 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A). In opposition to the motion, McMahon argued that the jurisdictional time limit should be tolled during the time he was disabled. The trial court disagreed and dismissed McMahon's complaint.

McMahon does not assert that § 24–10–109 is unconstitutional as applied in this case. Rather, in challenging the dismissal, McMahon argues that, under *City of Colorado Springs v. Colburn*, 102 Colo. 483, 81 P.2d 397 (1938), and *Antonopoulos v. Telluride*, 187 Colo. 392, 532 P.2d 346 (1975), circumstances establishing a disability should be deemed to excuse compliance with the notice requirement. We disagree.

Section 24–10–109(1) was amended in 1986, and now provides:

"Any person claiming to have suffered an injury by a public entity ... shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, ... *Compliance* with the provisions of this section shall be a *jurisdictional prerequisite* to any action brought under the provisions of this article, and *failure of compliance* shall forever bar any such action." (emphasis added)

The addition of the words "jurisdictional prerequisite" changed the notice requirement. Thus, a plain reading of § 24–10–109(1) necessarily leads to the conclusion that the General Assembly intended to make strict compliance with that provision a jurisdictional requisite for maintaining an action. *See Gardner v. City & County of Denver*, 671 F.Supp. 713 (D.Colo.1987).

The plaintiff claims that the Colorado Governmental Immunity Act should be subject to § 13–81–103(1), C.R.S. (1987 Repl.Vol. 6A). That statute creates the equivalent of a statutory toll to applicable statutes of limitations for persons under disability. In effect, the legislative amendment applicable here changed § 24–10–109(1) to that of a "nonclaim" statute. A "nonclaim statute" prohibits the initiation of litigation after a specified time regardless of disability. *See In re Estate of Daigle*, 634 P.2d 71 (Colo.1981); *Public Service Co. v. Barnhill*, 690 P.2d 1248 (Colo.1984). Therefore, this statute cannot be tolled for that reason.

Accordingly, the trial court did not err in dismissing McMahon's complaint.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.