Bertha GROSSMAN, Plaintiff–Appellant,

v.

CITY AND COUNTY OF DENVER, Manuel Gallegos, Eugene McMillan, and Don Stinson, Defendants–Appellees.

No. 93CA1085.

Colorado Court of Appeals,
Div. I.

June 16, 1994.

Daniel T. Moyle, Jr., P.C., Daniel T. Moyle, Jr., John G. Brant, P.C., John G. Brant, Mary A. Wollard, Wheat Ridge, for plaintiff-appellant.

Daniel E. Muse, City Atty., Thomas S. Moe, Jr., Asst. City Atty., Denver, for defendants-appellees.

Opinion by Judge ROY.

█ Plaintiff, Bertha Grossman, appeals from the judgment dismissing her negligence complaint against defendants, the City and County of Denver, Manuel Gallegos, Eugene McMillan, and Don Stinson, based solely on the trial court's conclusion that the notice of claim required by the Governmental Immunity Act was untimely. Plaintiff contends the trial court erred in ruling that the time for filing the notice of claim began to run when her injury occurred. She asserts, in reliance on the "discovery rule" articulated in *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993), that the time for filing the notice of claim did not begin to run until she first knew or should have known that her injuries were caused by the tortious conduct of another. We agree and, therefore, reverse and remand for further proceedings.

Plaintiff, an elderly woman, was injured in a fall when her toilet overflowed at her home on January 11, 1992. As a result of her injuries, plaintiff was hospitalized and then transferred to a nursing home, without returning to her home.

Following her transfer to a nursing home, she rented her home on June 1, 1992. The tenants immediately experienced severe plumbing problems and an ensuing investigation led to the discovery that the defendants had capped plaintiff's sewer line, causing the toilet overflow which in turn caused plaintiff's fall.

Plaintiff filed her notice of claim pursuant to § 24–10–109, C.R.S. (1988 Repl.Vol. 10A), on August 25, 1992, more than 180 days after

the date of her fall. Thereafter, on February 24, 1993, plaintiff filed her negligence complaint against the defendants. The trial court dismissed plaintiff's complaint for lack of jurisdiction, ruling that the time for filing her notice of claim began to run when plaintiff fell and was injured.

Plaintiff contends her notice of claim was timely because it was filed 83 days after she first had reason to believe her injuries were caused by the tortious conduct of another. We agree in part.

■ The Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A), with limited statutory exceptions, bars any claim against a public entity or a public employee for injuries that lie in tort or could lie in tort. Sections 24–10–108, C.R.S. (1993 Cum.Supp.) and 24–10–118, C.R.S. (1988 Repl.Vol. 10A). The Governmental Immunity Act also requires that:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment ... shall file a written notice as provided in this section within one hundred eighty days *after the date of the discovery of the injury*, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.

Section 24–10–109(1), C.R.S. (1993 Cum. Supp.) (emphasis supplied).

■ Compliance with the notice of claim requirements is a jurisdictional prerequisite to suit, § 24–10–109(1), and must be determined by the trial court under C.R.C.P. 12(b)(1). *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra;* see §§ 24–10–108 and 24–10–118(2.5), C.R.S. (1993 Cum.Supp.).

In *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* plaintiff's building suffered cracking in the floor and walls. After extensive repairs, the cracking reoccurred and plaintiff hired engineers to investigate its cause. The engineers identified leakage from Westminster's water tanks as the source of the problem. In assessing the timeliness of the notice of claim filed subsequent to the engineers' report, our supreme court determined that the relevant question is when the plaintiff knew or should have known the injuries were caused by the tortious act of another. It reasoned that the use of the term "discovery" in the notice of claim provision, § 24–10–109(1), implicates the concept of the "discovery rule" of tort law, under which the statute of limitations does not begin to run until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the wrongful act. The court concluded that a factual dispute existed with respect to when there was sufficient evidence to cause a reasonable person to know that he or she has been injured by the tortious conduct of another. In summary, it stated:

> *The question is when Trinity knew or should have known that the building was damaged by the tortious act of another rather than a naturally occurring phenomenon such as pre-existing soil conditions.*

The Governmental Immunity Act does not permit an injured party to ignore evidence which would cause a reasonable person to know that he or she has been injured by the tortious conduct of another. The Act's notice period places a burden on the injured party to determine the cause of the injury, to ascertain whether a governmental entity or public employee is the cause, and to notify the governmental entity within 180 days from the time when the injury is discovered. Thus, in this case, the date of discovery is not postponed until Trinity knew or should have known that Westminster was the source of trespassing water. *It is enough to trigger the notice period if Trinity knew or should have known that the structural damage to the building resulted from an abnormal amount of water in ground soil.*

*Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* 848 P.2d at 926–27 (emphasis added).

Here, the proper inquiry is whether sufficient evidence existed to cause a reasonable person to know that the toilet overflow was not merely an isolated household occurrence, but resulted from an abnormal plumbing problem. The trial court correctly stated

that the plaintiff could not wait until she knew the defendants' actions were the cause of the overflow. Instead, she had a duty of reasonable diligence to determine the basic and material facts underlying her claim against a government entity. The trial court, however, did not apply the notice of claim discovery rule set forth in *Trinity* that was announced almost simultaneously with its decision in this case. If the trial court applies that rule, it may conclude that plaintiff's notice was timely.

Accordingly, this matter must be remanded to the trial court for reconsideration in view of *Trinity*. If, on remand, there are disputed issues of fact concerning the sovereign immunity issues, an evidentiary hearing may be necessary. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra; Cline v. Rabson,* 862 P.2d 1035 (Colo. App.1993).

Because of our disposition of the notice issue, it is unnecessary to consider plaintiff's remaining assignment of error.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the opinions expressed herein.

METZGER and RULAND, JJ., concur.