Erik BRYANT, Plaintiff–Appellee,

v.

CITY OF LAFAYETTE and David Beyer, Defendants–Appellants.

No. 96CA0264.

Colorado Court of Appeals,
Div. II.

Feb. 6, 1997.

Rehearing Denied April 17, 1997.

Certiorari Denied Nov. 3, 1997.

Phil Harding, Englewood, for Plaintiff–Appellee.

Law Offices of Daniel J. Torpy, Daniel J. Torpy, Denver; Holme, Roberts & Owen, LLP, Patricia C. Tisdale, Erin M. Smith, Denver, for Defendants–Appellants.

Opinion by Judge TAUBMAN.

Defendants, the City of Lafayette (City) and David Beyer, a police officer employed by the City, appeal from the trial court's denial of their motion to dismiss the complaint of plaintiff, Erik Bryant, for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24-10-101, et seq., C.R.S. (1988 Repl.Vol. 10A). We affirm.

Bryant was injured on August 20, 1993, when his motorcycle collided with a police car driven by Beyer. On February 18, 1994, 182 days after the accident, Bryant filed a notice of claim with the City.

Bryant then filed the present action asserting claims for: (1) negligence and willful and wanton conduct; (2) violation of his civil rights; (3) excessive force and false imprisonment; (4) intentional infliction of emotional distress; and (5) extreme and outrageous conduct. Defendants moved to dismiss Bryant's state law claims on the basis that, among other things, (1) Bryant's notice of claim was untimely because it was not filed within 180 days of the accident as required by § 24-10-109, C.R.S. (1988 Repl.Vol. 10A) of the GIA, and (2) he had judicially admitted in a malpractice action brought against his former attorney that the notice of claim was untimely.

The trial court entered a detailed order denying defendants' motion to dismiss. The court found that plaintiff was rendered unconscious at the accident scene and, because of memory loss, had no recollection of the accident or his involvement in it for ten days. Accordingly, it concluded that, because of Bryant's mental and physical condition immediately following the accident, including unconsciousness, anesthesia, and memory loss, the notice given on February 18, 1994, was timely because it was given within 171 days of Bryant recovering his memory.

## I.

### A.

Relying on *McMahon v. Denver Water Board,* 780 P.2d 28 (Colo.App.1989), defendants argue that Bryant's disability can-

not toll the running of the 180-day notice period, and thus, his notice of claim, filed 182 days after the accident, was untimely. In response, Bryant argues that the 180-day period did not commence until he discovered his injury eleven days after the accident. We agree with Bryant.

The GIA bars any claim against a public entity or a public employee for injuries that lie in tort or could lie in tort except in certain limited circumstances. *See* §§ 24-10-105 and 24-10-106, C.R.S. (1988 Repl.Vol. 10A). For any claim that comes within its provisions, the GIA requires that the injured person:

file a written notice as provided in this section within one hundred eighty days after the date of the *discovery* of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.

Section 24-10-109(1), C.R.S. (1996 Cum. Supp.) (emphasis added).

Compliance with the 180-day requirement "shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." Section 24-10-109(1). Compliance must be strict rather than substantial, *Regional Transportation District v. Lopez,* 916 P.2d 1187 (Colo.1996), and is to be determined by the trial court under C.R.C.P. 12(b)(1). *See Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993); *Armstead v. Memorial Hospital,* 892 P.2d 450 (Colo.App. 1995).

Section 24-10-109(1), by its express terms, provides that there must be a "discovery" of the injury before the 180-day period commences to run. *Cintron v. City of Colorado Springs,* 886 P.2d 291 (Colo.App.1994).

In *McMahon v. Denver Water Board, supra,* a division of this court concluded that, based on the 1986 amendments to the GIA, the tolling statute, § 13-81-103, C.R.S. (1987 Repl.Vol. 6A), no longer applied to "toll" the GIA's notice requirements. Thus, the court rejected the plaintiff's argument that the 180-day period should be tolled during the time that he was disabled. However, the

*McMahon* court did not address, as is pertinent here, when the plaintiff "discovered" his injury.

In *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* the supreme court articulated guidelines for determining when a plaintiff discovers an injury for purposes of the GIA. There, the court reasoned that:

> [T]he [GIA's] use of the term (discovery) in the context of tortious injury implicates the 'discovery rule' of tort law which provides that a statute of limitations does not start to run until the time when the plaintiff knew or, through the exercise of reasonable diligence, should have known (or, alternatively, discovered or should have discovered), the wrongful act.

*Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* 848 P.2d at 923.

The court added:

> The Governmental Immunity Act does not permit an injured party to ignore evidence which would cause a reasonable person to know that he or she has been injured by the tortious conduct of another. The Act's notice period places a burden on the injured party to determine the cause of the injury, to ascertain whether a governmental entity or public employee is the cause, and to notify the governmental entity within 180 days from the time when the injury is discovered. Thus, in this case, the date of discovery is not postponed until Trinity knew or should have known that Westminster was the source of trespassing water. It is enough to trigger the notice period if Trinity knew or should have known that the structural damage to the building resulted from an abnormal amount of water in ground soil.

*Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* 848 P.2d at 926–27; *see also Grossman v. City & County of Denver,* 878 P.2d 125 (Colo.App.1994) (proper inquiry under the GIA is whether sufficient evidence exists to cause a reasonable person to know that he or she has been injured by the tortious conduct of another).

In *Cintron v. City of Colorado Springs, supra,* a division of this court concluded that

the issue of when a plaintiff "discovers" his or her injury for purposes of § 24–10–109(1) does not involve a tolling question. The court noted that: "A time limit set by statute is 'tolled' only if, absent the tolling statute, all events have occurred that would otherwise cause the period to start to run." *Cintron v. City of Colorado Springs, supra,* 886 P.2d at 294. Accordingly, the court held that a 2–year-old plaintiff with severe brain damage did not have actual knowledge of her injuries, and that her parents' knowledge could not be attributed to her for purposes of compliance with § 24–10–109(1).

■ Thus, as in *Cintron,* we conclude that the question here is not a tolling issue but rather involves a determination of when Bryant discovered or should have discovered that he had been injured by the tortious conduct of another. Accordingly, we conclude that defendant's reliance on *McMahon v. Denver Water Board, supra,* is misplaced and hold that the 180–day notice period does not begin to run until a plaintiff rendered unconscious by the alleged tortious conduct actually discovers or should have discovered his or her injury. *Accord, Washington v. United States,* 769 F.2d 1436 (9th Cir.1985) (under Federal Tort Claims Act, claim does not accrue and statute of limitations does not begin to run for comatose plaintiff until she recovers from coma and is aware of her injury).

Here, Bryant alleged in his complaint that he was "initially disabled and [suffered] unconsciousness due to his serious injuries...." Subsequently, in response to defendants' motion to dismiss, Bryant further stated that he had "no recollection of the accident or his involvement in the accident for almost ten days after the accident." Defendants did not dispute these allegations or assert that he should have discovered at an earlier date that he had been injured.

Thus, we conclude that the trial court did not err in finding that Bryant did not discover his injury until eleven days after the accident and, accordingly, in concluding that his notice of claim was timely.

## B.

■ Defendants also contend that there was no evidence to support the trial court's determination. We disagree.

A motion to dismiss under the GIA should be considered under C.R.C.P. 12(b)(1), and to resolve factual disputes, a court may hold an evidentiary hearing. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.*

Defendants did not request an evidentiary hearing on the issue of when Bryant discovered his injury. Instead, they asserted that: "Although the Court has the option to hold a *Trinity* hearing to address the sovereign immunity issues in this case, such a hearing is not necessary because the Court has all of the evidence relating to the sovereign immunity issue before it at this time." They argued that the decision in *McMahon v. Denver Water Board, supra,* mandated dismissal of Bryant's state law claims. Further, Bryant's statements that he did not discover that he had been injured until eleven days after the accident were uncontroverted.

Thus, we reject defendants' contention that there was no evidence to support the trial court's determination.

## II.

■ Defendants also contend that the trial court erred in not dismissing Bryant's complaint on the basis that he judicially admitted in the malpractice action against his former attorney that the notice was untimely. We disagree.

A judicial admission is a "formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purposes of dispensing with proof of formal matters of facts about which there is no real dispute." *Kempter v. Hurd,* 713 P.2d 1274, 1279 (Colo.1986).

Judicial admissions are conclusive on the party making them and generally continue to have effect for a subsequent part of the same proceeding. *Kempter v. Hurd, supra.*

Here, shortly before filing this action against defendants, Bryant had filed an action against his former attorney alleging professional negligence based on his attorney's failure to file the notice of claim with the City within 180 days after the date of the accident. In that action, Bryant alleged that he was thereby forever precluded by the GIA from pursuing his claim against defendants here. The intent of that action was to preserve any claim Bryant might have against his former attorney.

The doctrine of judicial admission normally does not apply to a statement made in a different legal proceeding unless the party seeking to invoke the judicial admission was also a party. *Kempter v. Hurd, supra; Lyons Savings & Loan Ass'n v. Dire's Lock & Key Co.,* 885 P.2d 345 (Colo.App.1994). Further, pleadings in other lawsuits may not be judicial admissions. Statements in such pleadings may only be ordinary admissions, which are not conclusive. *See* 4 J. Wigmore, *Evidence* § 1066 (Chadbourn rev. 1972); *Enquip, Inc. v. Smith–McDonald Corp.,* 655 F.2d 115 (7th Cir.1981) (inconsistent pleading in other litigation is admissible as admission but not as judicial admission and thus is not binding or conclusive). Thus, to the extent defendant's argument relies upon this doctrine, we reject it.

■ However, we consider defendants' argument under the related doctrine of judicial estoppel, which precludes a party from adopting a legal position which conflicts with an earlier position taken in the same or related litigation. This doctrine, intended to prevent a party from gaining an unfair advantage in the courts, generally requires the party against whom estoppel is sought to have successfully asserted a contradictory position in the earlier proceeding. *See Lyons Savings & Loan Ass'n v. Dire's Lock & Key Co., supra.*

According to the representations Bryant made to the trial court here, the action against his former attorney is being held in abeyance pending the outcome of this case as to the timeliness of the notice. Thus, Bryant cannot successfully assert the alleged contradictory position in the legal malpractice case, and therefore, it is not possible that inconsistent judgments would be entered.

Therefore, the trial court did not err in denying defendants' motion on the basis that Bryant had "judicially admitted" that the notice of claim was untimely.

The trial court's order is affirmed.

CRISWELL and MARQUEZ, JJ., concur.