23CA2022 Park View v Miller 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2022
Arapahoe County District Court No. 22CV226
Honorable Elizabeth Beebe Volz, Judge

Park View Community Association, Inc.,

Plaintiff-Appellant,

v.

Sandra L. Miller and Timothy Miller,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE TOW
Pawar and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

Altitude Community Law P.C., Debra J. Oppenheimer, Lakewood, Colorado, for
Plaintiff-Appellant

Robinson & Henry, P.C., Edmund J. Robinson, Denver, Colorado, for
Defendants-Appellees

¶ 1     In this homeowners' association action to enforce covenants, plaintiff, Park View Community Association, Inc. (the Association), appeals the district court's judgment against it and in favor of defendants, Sandra L. Miller and Timothy Miller (collectively, the Millers).  Both parties also request attorney fees.  We affirm.

## I.     Background

¶ 2     The Millers live in Park View Community, and the Association is the community's homeowners' association.  The properties in Park View are subject to a "Declaration of Covenants, Conditions, and Restrictions of Park View Community Association, Inc." and its amendments (collectively, the Declaration).

¶ 3     The Millers submitted a request to extend their driveway and to alter their landscaping and sidewalk.[1]  The first application sought to add "two feet of concrete running alongside the right side of the current driveway" but did not specify the distance that would remain between the edge of the Millers' driveway and the neighboring property.  The Association's Architectural Review

---

[1] The application and subsequent correspondence occurred on an online communication portal.

Committee (ARC) requested clarification and asked the Millers to submit the driveway and landscaping projects as separate requests.

¶ 4 The Millers' second application sought to add eight feet to the driveway, which would leave a three-and-a-half-foot-wide stretch of gravel between the driveway and the neighbor's property. The Millers explained that though their initial plans called for a two-foot extension, they realized it would be insufficient for wheelchair access.

¶ 5 The proposed plans would change again, however, after Dale Brown, the Association's president, visited the Millers' property in person. The final application sought to add six feet to the driveway and leave a four-foot setback between the driveway and the neighboring property. The Millers explained to the ARC that the reason for the final change was to comply with the Americans with Disabilities Act (ADA) and the property guidelines in the Declaration:

> After checking property guidelines, and ADA guidelines, we are amending the pad width to six foot [sic]. This is within both of these requirements. It leaves four foot [sic] to the property line, and provides for the appropriate width for egress for a wheel chair [sic]. I have attached a new drawing, with measurements.

The new drawing showed a six-foot driveway extension with a four-foot setback between the driveway and the neighboring property.

¶ 6     The driveway extension was approved by the ARC.  However, different board members offered different conditions for their approval votes:

- Brown voted "to approve the most recent drawing [the Millers] submitted leaving a four foot space between their driveway and the property line";

- Stacey Huck voted to approve the driveway alteration, so long as it met section 2.23 of the Residential Improvement guidelines (known as the green book) in the Declaration;

- Paula Dodds and Sunil Dubey voted to approve so long as the "+ 2ft extension" did not make the extended driveway exceed twenty-eight feet or violate the green book; and

- Wendy Hinrichs voted to approve as long as the driveway met green book guidelines and did not exceed twenty-eight feet.

The Association's property manager sent the Millers a formal notice saying the driveway extension was approved so long as the extension met the criteria of the green book and "Driveway width +

2ft extension [did] not exceed twenty-eight feet (28') maximum width."

¶ 7    The Millers extended their driveway.  Sometime later, the Association sent the Millers a letter informing them that their driveway did not follow the green book and asking them to correct the issue within fifteen days.  The Millers did not alter their driveway, and the Association filed a complaint seeking to enforce the Declaration, alleging the Millers had expanded their driveway in a manner not approved by the ARC.[2]  The Millers filed counterclaims asserting, in part, that the Association violated the Declaration by not granting the Millers a variance "for what appears to be less than a 6-inch allowance for [their] driveway's width to be within 4-feet of [their] property line to accommodate [Mr. Miller's] disability" and by granting an official approval that differed from what was represented by ARC agents.

¶ 8    The court conducted a bench trial and the parties agreed about many of the underlying facts.  They agreed that the green

---

[2] The complaint was filed in the county court (Arapahoe County Case No. 22C38256) and later removed to the district court (Arapahoe County Case No. 22CV226) after the Millers filed counterclaims that exceeded the county court's jurisdictional limit.

book required that (1) driveway extensions be approved by the ARC; (2) driveways not exceed a width of twenty-eight feet; and (3) driveways must leave a four-foot setback between the driveway and the property line.  The parties also did not dispute that the Millers' extended driveway was less than twenty-eight feet wide.

¶ 9        In its written judgment, the district court found that the exact terms of the ARC's approval were disputed, and that some ARC board members voted to approve more than a two-foot extension.  Moreover, the court found that there were no measurements of the driveway's setback or precise evidence on the exact location of the property line.[3]  Thus, the district court held that the Association, as plaintiff, failed to meet its burden of proof that the Millers' driveway violated the Declaration.[4]  Subsequently, the district court denied the Millers' request for an award of their attorney fees, finding that "there is no prevailing party in action."

---

[3] The record is unclear on exactly how wide the driveway is, how wide the extension the Millers installed was, and how far the driveway is setback from the property line.
[4] The district court also held that the Millers' counterclaims failed.

## II. Judicial Admissions

¶ 10     On appeal, the Association asserts that it met its burden of proof because the Millers made judicial admissions on two key issues: (1) that the Association approved only a two-foot driveway extension and (2) that the extended driveway was less than four feet from the property line. We disagree.

### A. Standard of Review

¶ 11     The parties disagree on our standard of review. We assume that we review de novo whether a statement qualifies as a judicial admission.[5] *See Ching v. Dung*, 477 P.3d 856, 866 (Haw. 2020) (reviewing de novo). *But see MC, Inc. v. Cascade City-Cnty. Bd. of Health*, 2015 MT 52, ¶ 11 (reviewing for abuse of discretion).

### B. Analysis

¶ 12     The Millers did not unequivocally admit that the extended driveway did not comply with what was approved by the ARC or that it violated the setback requirements.

---

[5] The Association asserts de novo review applies, while the Millers contend that clear error review applies. Neither party, however, argues that abuse of discretion review applies. Because that is a plausible alternative that is undeveloped by the briefs, and because, even under de novo review, we conclude the Association's arguments fail — we assume de novo review applies.

¶ 13    A judicial admission is "a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." *Kempter v. Hurd*, 713 P.2d 1274, 1279 (Colo. 1986) (citing 9 John Wigmore, *Evidence* § 2588 n.1 (Chadbourne rev. 1981)). Judicial admissions are conclusive and binding on the party making them, and they need not be written. *Id.* In assessing whether a statement is a judicial admission, the statement must be considered in context. *Gordon v. Benson*, 925 P.2d 775, 781 (Colo. 1996). "Generally, courts deciding this issue have focused on whether the alleged admission was unequivocal." *Larson v. A.T.S.I.*, 859 P.2d 273, 276 (Colo. App. 1993).

¶ 14    First, the Millers never admitted that they installed a driveway that differed from what was approved. In fact, in their answer, the Millers expressly denied this. While the Millers did admit during discovery that on June 23, 2021, the ARC granted the Millers approval to pour a "2 ft extension to their driveway," this was likely referring to the ARC's approval letter sent on that day containing that language. But, as the Millers made clear in a trial brief submitted before trial, their argument was that multiple plans had

7

been submitted to and approved by the ARC and that they extended their driveway in compliance with the most recent approval.

¶ 15    The Millers, therefore, did not unequivocally admit that the ARC only approved a two-foot driveway extension or that the Millers' driveway extension differed from what was approved by the ARC. Moreover, the district court's finding that the ARC's approval conditions were unclear is supported by the record. The ARC's correspondence shows that board members voted to approve the driveway extension on various grounds, and different members voted to approve both a two-foot and a six-foot extension. The only consistency between the ARC board members' votes was that the driveway extension must not violate the green book and thus that the driveway remain under twenty-eight feet and be set back four feet from the property line.

¶ 16    Nor did the Millers make a judicial admission that their extended driveway was less than four feet from the property line. During discovery, the Association asked the Millers to admit that

the driveway was less than four feet from the property line.[6]  The

Millers denied the assertion.  Additionally, in their trial brief the

Millers argued that the extended driveway met the setback

requirements from the property line and that the Association had

not submitted sufficient evidence to show that a violation of the

setback requirements occurred.  Thus, going into trial, the

Association was aware of the Millers' position that the driveway met

the setback requirements.

¶ 17     The Association, however, points to statements the Millers

made in their counterclaims and at trial, which the Association

contends demonstrate a judicial admission that the extended

driveway violated the setback requirements.  In their first

counterclaim, the Millers sought a variance for "what appears to be

less than a 6-inch allowance for [the Millers'] driveway's width to be

within 4-feet of [the] property line to accommodate [Mr. Miller's]

---

[6] We reject the Millers' argument that the Association did not preserve "issues pertaining to the content and substance of any written discovery."  The Association argued during trial and in its trial brief that the Millers had admitted to extending their driveway in an unapproved manner and in violation of the setback requirements.  This was sufficient to preserve the issue.  *See In re Estate of Owens*, 2017 COA 53, ¶ 21 ("[N]o talismanic language is required to preserve an issue.").

disability." Further, during Mr. Miller's cross-examination, the Association asked Mr. Miller whether this statement conceded that the driveway was not properly set back from the property line, to which Mr. Miller responded, "It's strangely worded, but I agree with you." Immediately thereafter, however, Mr. Miller said he still believed the Association had to prove, by survey or otherwise, that the driveway was actually less than four feet from the property line.

¶ 18　　These statements are not unequivocal judicial admissions. The counterclaim statement is qualified by the phrase "what appears to be," suggesting that the Millers were unsure of the exact width of the extended driveway's setback. Moreover, Mr. Miller qualified his testimony by saying that the counterclaim was "strangely worded" and that he was "having a difficult time understanding how [the counterclaim] is worded." To the extent the Association argues that Mr. Miller's testimony conceded that his counterclaim contained a judicial admission, that would arguably be a legal conclusion for which witness testimony was inappropriate. *Cf. People v. Acosta*, 2014 COA 82, ¶ 32 ("[A] lay witness may not testify regarding whether a particular legal standard has or has not been met . . . ."). And given that the

testimony was offered after the Millers had expressly denied that the extended driveway violated the setback requirements during discovery and in their trial brief, Mr. Miller's testimony was not an unequivocal judicial admission.

¶ 19    We, therefore, conclude that the district court did not err by concluding that the Millers had not made judicial admissions concerning the noted factual matters.  Nor did it err by concluding that the Association failed to meet its burden of proof.

### III.    Attorney Fees

¶ 20    Both parties argue they are entitled to attorney fees.  The Association's request fails because it was not the prevailing party — either in the trial court or on appeal.  *See* § 38-33.3-123(1)(c), C.R.S. 2024 (awarding attorney fees for enforcement of declaration action to prevailing party).

¶ 21    In their answer brief, the Millers argue that the primary issue in the litigation was whether they violated the covenants and, because they were successful in their defense of that claim, they should be considered the prevailing party at trial.  "An appellee must file a cross-appeal in order to raise a contention that, if successful, would increase its rights under the judgment or order

11

being reviewed." *In re Marriage of Aragon*, 2019 COA 76, ¶ 36 (quoting *Koinis v. Colo. Dep't of Pub. Safety*, 97 P.3d 193, 197 (Colo. App. 2003)).  Because the Millers did not do so, we cannot consider their contention that they should have been deemed the prevailing party below.

¶ 22     To the extent the Millers contend they should nevertheless be considered the prevailing party *on appeal*, they cite no authority — and we are aware of none — that holds a party who was not the prevailing party below can be considered the prevailing party on appeal merely because the appellate court affirmed the trial court's decision.  Indeed, the prevailing law appears to be to the contrary. *See Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶ 29 (holding that the statute "requires a court to determine the prevailing party in the action as a whole, and not on a claim-by-claim basis").  Following our affirmance of the district court's judgment, the parties are in the same position they were in at the conclusion of the proceedings in the district court. Accordingly, it remains the case that neither party is the prevailing party and, therefore, neither party is entitled to attorney fees.

## IV. Disposition

¶ 23     The judgment is affirmed.

JUDGE PAWAR and JUDGE SCHUTZ concur.